[Cite as *State v. Hoke*, 2011-Ohio-1221.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                    :
                                  :
    Plaintiff-Appellee,           :        Case No. 10CA32
                                  :
vs.                               :
                                  :
ROBERT E. HOKE,                   : DECISION AND JUDGMENT ENTRY
                                  :
    Defendant-Appellant.          :        **RELEASED 03/09/11**
                                  :

_____

APPEARANCES:

Michael A. Davenport, Lambert Law Offices, Ironton, Ohio, for Appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Jeffrey M. Smith,
Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for Appellee.

_____

Harsha, P.J.

{1}     Robert E. Hoke appeals his convictions for rape and failing to provide a

change of address.  He contends that the trial court erred by refusing to allow him to

withdraw his guilty plea before the court sentenced him.  Because Hoke failed to set

forth any reasonable basis for withdrawing his plea, but rather, raised a general

assertion that he did not understand the consequences of the change of plea hearing,

the trial court did not abuse its discretion by denying his motion.  Hoke also asserts that

trial counsel rendered ineffective assistance of counsel by apparently misinforming

Hoke that Hoke's sister would testify against him at trial.  However, this assertion rests

upon an alleged off-the-record discussion and, thus, is not a proper argument to raise

on direct appeal.  Accordingly, we overrule Hoke's two assignments of error and affirm

the trial court's judgment.

## I.  FACTS

**{2}**     On March 26, 2010, the Lawrence County Grand Jury returned an indictment that charged Hoke with one count of rape, in violation of R.C. 2907.02(A)(1)(b), and failure to provide a change of address, in violation of R.C. 2950.05(E)(1).  Hoke initially entered not guilty pleas, but later agreed to plead guilty.

**{3}**     Before the change of plea hearing, Hoke signed a four-page, twenty-six question document entitled "Proceeding on Plea of Guilty."  The twenty-six questions tracked the language contained in Crim.R. 11 and fully covered all of the Crim.R. 11 requirements.  Hoke indicated his understanding to each and every one of the twenty-six questions.  At the plea hearing, he advised the court that he signed the document and that he answered the questions truthfully.  When the court asked Hoke if he understood the rights he waived by pleading guilty, Hoke stated that he did.  The court read the charges set forth in the indictment and the corresponding penalties and asked Hoke if he understood that a guilty plea is an admission that he committed the allegations in the indictment.  Hoke stated that he did.  At no point did Hoke express any confusion or failure to understand the consequences of pleading guilty.  The court thus accepted Hoke's pleas and set the matter for sentencing.

**{4}**     Before sentencing, Hoke filed a motion to withdraw his guilty pleas.  He asserted that he did not knowingly, intelligently, and voluntarily enter his plea because "he did not fully appreciate the consequences of his plea."  The court held a hearing.  Hoke did not cite any specific reason to withdraw his plea, beyond alleging that he did not understand.

**{5}** The trial court subsequently overruled Hoke's motion to withdraw his guilty plea. The court determined that Hoke "failed to disclose any reasonable or articulate basis for [his] motion," but rather, "took the position that he 'did not understand.'" The court found that his statement that he "did not understand" "flies in the face of a properly conducted Crim.R. 11 hearing, which was afforded [Hoke] and properly carried out." The court concluded that Hoke failed to satisfy "the minimal requirements for a motion to withdraw a guilty plea prior to sentencing."

**{6}** The trial court later sentenced Hoke to (1) life imprisonment with parole eligibility after serving 15 years for the rape offense and (2) eleven months of imprisonment for the failure to provide a change of address offense.

## II. ASSIGNMENTS OF ERROR

**{7}** Hoke raises two assignments of error:

First Assignment of Error:

"The court erred in denying appellant's motion to withdraw plea."

Second Assignment of Error:

"Appellant received ineffective assistance of counsel."

## III. MOTION TO WITHDRAW PLEA

**{8}** In his first assignment of error, Hoke argues that the trial court erred by rejecting his motion to withdraw his guilty plea. He asserts, for the first time on appeal, that the court should have allowed him to withdraw his plea because his trial counsel incorrectly informed him that if the case went to trial, Hoke's sister would be a prosecution witness.

## A.  NEW ARGUMENT

**{9}**     It is well-established that an appellate court will not entertain new arguments on appeal.  See, e.g., *State v. Pigg*, Scioto App. No. 04CA2947, 2005-Ohio-2227, at ¶34 (citation omitted).  Hoke never mentioned during the trial court proceedings that his counsel gave him any information regarding his sister's testimony.  Thus, to the extent Hoke's assignment of error rests upon an argument he failed to raise during the trial court proceedings, we will not consider it.

## B.  OFF-THE-RECORD ASSERTIONS

**{10}**    Hoke's assertion regarding what his defense counsel advised him relies upon an alleged conversation that appears nowhere in the trial court record.  We may not consider matters outside the record on a direct appeal.  Instead, an appellant may raise matters outside the record by filing a postconviction relief petition in the trial court.  See, e.g., *State v. Nichols* (1984), 11 Ohio St.3d 40, 42, 463 N.E.2d 375 (citing *State v. Gibson* (1980), 69 Ohio App.2d 91, 95, 430 N.E.2d 954 (stating that postconviction relief provides the appropriate remedy when referring to matters outside the record));  *State v. Schofield* (Dec. 10, 1999), Washington App. No. 99CA10; see, also, *State v. Wolfson*, Lawrence App. No. 02CA28, 2003-Ohio-4440; *State v. Jacobson*, Adams App. No. 01CA730, 2003-Ohio-1201.

## C.  PRE-SENTENCE MOTION TO WITHDRAW GUILTY PLEA

**{11}**    To the extent that Hoke generally asserts that the trial court erred by overruling his motion to withdraw his guilty plea, we disagree.

**{12}**    Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the

court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "'[A] presentence motion to withdraw a guilty plea should be freely and liberally granted.'" *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶57, quoting *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715. However, a defendant does not have an absolute right to withdraw a guilty or no contest plea prior to sentencing. *Xie* at paragraph one of the syllabus; *State v. Spivey*, 81 Ohio St.3d 405, 415, 1998-Ohio-437, 692 N.E.2d 151. Thus, the trial court possesses broad discretion to grant or deny a presentence motion to withdraw a plea, and we will not reverse the court's decision absent an abuse of that discretion. *Xie* at paragraph two of the syllabus; *Spivey*, 81 Ohio St.3d at 415. The term "abuse of discretion" implies that the court's attitude is unreasonable, unconscionable, or arbitrary. See, e.g., *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144. Furthermore, "[w]hen applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{13}   We have set forth a list of factors that we consider when determining whether a trial court abused its discretion by denying a presentence motion to withdraw a plea: "'(1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.'" *State v. Campbell*, Athens App. No. 08CA31, 2009-Ohio-4992, at ¶7, quoting *State v. McNeil* (2001), 146 Ohio App.3d 173, 176, 765 N.E.2d 884; see, also, *State v. Gibbs*, Ross App. Nos. 10CA3137 and

10CA3138, 2010-Ohio-2246, at ¶9.  Other considerations include: "'(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.'"  *Campbell* at ¶7, quoting *McNeil*, 146 Ohio App.3d at 176.  A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea.  *Campbell* at ¶7, citing *State v. Lambros* (1988), 44 Ohio App.3d 102, 103, 541 N.E.2d 632.

{14}    In the case at bar, the trial court did not abuse its discretion.  The trial court conducted a full Crim.R. 11 hearing and Hoke answered twenty-six questions in a four-page plea proceeding document that essentially tracked all of the Crim.R. 11 requirements.  Hoke's answers indicated his understanding of the entire document.  At the plea hearing, Hoke never expressed any confusion or failure to understand the consequences of pleading guilty.  The trial court conducted a hearing regarding Hoke's withdrawal motion, and neither Hoke nor his counsel could articulate any reasonable basis upon which to withdraw the plea.  Rather, Hoke merely asserted that he did not understand.  However, as the trial court aptly noted, the record belies Hoke's assertion. It does not appear that Hoke failed to understand the plea proceedings or the consequences of pleading guilty, but rather, that he had a change of heart.  A change of heart is not a sufficient reason to withdraw a guilty plea.

{15}    Accordingly, we overrule Hoke's first assignment of error.

IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

**{16}** In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial. *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, at ¶205, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. To establish deficient performance, an appellant must show that trial counsel's performance fell below an objective level of reasonable representation. *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, at ¶95. To establish prejudice, an appellant must show a reasonable probability exists that, but for the alleged errors, the result of the proceeding would have been different. Id. The appellant has the burden of proof on the issue of counsel's ineffectiveness because a properly licensed attorney is presumed competent. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, at ¶62.

**{17}** Hoke claims that trial counsel rendered ineffective assistance because counsel was either misinformed or misunderstood Hoke's sister's intent to testify at trial. Hoke asserts that he decided to plead guilty based upon defense counsel's assertion that Hoke's sister intended to testify against him at trial. Because this claim rests upon an alleged off-the-record statement, we may not consider it in this direct appeal. The proper avenue by which to raise such a claim would be through the filing of a postconviction relief petition. See supra.

**{18}** Accordingly, we overrule Hoke's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Kline, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
       William H. Harsha, Presiding Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**