[Cite as *State v. Locher*, 2012-Ohio-787.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | Case No. 11CA3414 |
| v. | : | |
| | : | DECISION AND |
| Michael Locher, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | Filed: February 22, 2012 |

_____

APPEARANCES:

Gene Meadows, Portsmouth, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Joseph Hale, Scioto County
Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.
_____

Kline, J.:

{¶1}     Michael Locher appeals the judgment of the Scioto County Court of Common

Pleas, which convicted him of illegal possession of chemicals for the manufacture of

drugs in violation of R.C. 2925.041(A).  Locher contends that the trial court abused its

discretion when it denied his pre-sentence motion to withdraw his guilty plea under

Crim.R. 32.1.  Locher bases his argument on the merits of the motion to suppress he

filed in the trial court.  Because (1) Locher cannot show that his motion to suppress had

merit and (2) the record indicates his motion to withdraw his guilty plea was based on a

mere change of heart, we disagree.

{¶2}     Accordingly, we overrule Locher's sole assignment of error and affirm the

judgment of the trial court.

I.

{¶3}     On May 13, 2010, Locher asserts that his vehicle was parked on the side of a road (off the state right of way) while he assisted another motorist whose vehicle had broken down.  An Ohio State Patrol officer stopped at the scene to offer assistance, but the officer was informed that assistance was not needed.  Nevertheless, the officer approached Locher's vehicle, and, according to Locher, the only items in plain view inside the vehicle were cans of starting fluid and a black duffle bag in the back seat.  According to Locher, the officer ordered Locher to sit in Locher's vehicle.  Shortly thereafter, Locher and the occupants of his vehicle were (1) removed from Locher's vehicle, (2) searched, and (3) placed in the patrol car.

{¶4}     According to Locher, the officer searched Locher's vehicle and found what the officer believed to be chemicals used to manufacture drugs.  The officer also found what he believed to be methamphetamine on the ground where Locher had been standing.  The officer arrested Locher and took him to jail.

{¶5}     A grand jury issued a three-count indictment against Locher.  During the pretrial process, Locher filed a motion to suppress in which he argued that the search of his vehicle was unconstitutional.  Before the trial court heard the motion to suppress, however, Locher agreed to plead guilty to one count of illegal possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A).  Locher pled guilty, and a sentencing hearing was set for a later date.

{¶6}     Locher and the state agreed to a sentencing recommendation of two years in prison.  However, a condition of the agreement was that Locher abide by the terms of his bond, otherwise he would face a five-year sentence.  The terms of Locher's bond

required Locher to pass drug tests.  Prior to sentencing, Locher failed a drug test.

Around the same time, Locher filed a motion to withdraw his guilty plea under Crim.R.

32.1.

**{¶7}** At the sentencing hearing, the trial court heard arguments regarding Locher's

motion to withdraw his guilty plea.  The trial court, however, denied Locher's motion and

sentenced him to five years in prison.

**{¶8}** Locher appeals and asserts the following assignment of error: "The Trial

Court abused its discretion and erred to the prejudice of the Defendant-Appellant when

the Trial Court refused to allow the Defendant-Appellant to withdraw the plea of guilty."

II.

**{¶9}** In his sole assignment of error, Locher argues that the trial court abused its

discretion when it denied his motion to withdraw his guilty plea.

**{¶10}** "[T]he decision whether to grant a Crim.R. 32.1 motion to withdraw a plea lies

in a trial court's sound discretion and should not be reversed absent an abuse of that

discretion."  *State v. Nickelson*, 4th Dist. No. 10CA21, 2011-Ohio-1352, ¶ 7, citing *State

v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph two of the syllabus.  "The

term 'abuse of discretion' connotes more than an error of law or of judgment; it implies

that the court's attitude is unreasonable, arbitrary or unconscionable."  *State v. Adams*,

62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶11}** Under Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may

be made only before sentence is imposed; but to correct manifest injustice the court

after sentence may set aside the judgment of conviction and permit the defendant to

withdraw his or her plea."  We note that a presentence motion to withdraw a guilty plea

should "'be freely allowed and treated with liberality[.]'" *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980), quoting *Barker v. United States*, 579 F.2d 1219, 1223 (10th Cir.1978). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus. For example, "[a] change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea." *State v. Hoke*, 4th Dist. No. 10CA32, 2011-Ohio-1221, ¶ 13.

**{¶12}** We consider the following factors when determining whether a trial court abuses its discretion in denying a motion to withdraw a pre-sentence guilty plea: "'(1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.'" *State v. Campbell*, 4th Dist. No. 08CA31, 2009-Ohio-4992, ¶ 7, quoting *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001); *see also Hoke* at ¶ 13; *State v. Gibbs*, 4th Dist. Nos. 10CA3137 & 10CA3138, 2010-Ohio-2246, ¶ 9. "Other considerations include: '(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.'" *Campbell* at ¶ 7, quoting *McNeil* at 176.

**{¶13}** The crux of Locher's argument is that he believes he is not guilty because the search of his vehicle violated his constitutional rights. Locher asserts that, after entering the guilty plea, he reflected on the decision and concluded that entering the plea was a mistake.

**{¶14}** In support of his argument on appeal, Locher reiterates the arguments he originally made in his motion to suppress, which he filed prior to pleading guilty. We conclude, however, that, based upon Locher's own arguments, his motion to suppress lacks merit. First, the officer was authorized to investigate a disabled vehicle on the side of the road. *See State v. Chrzanowski*, 180 Ohio App.3d 324, 2008-Ohio-6993, 905 N.E.2d 266, ¶ 26 ("[I]t is well established that a police officer can stop a motorist if he has a suspicion that the driver may be in need of assistance."). Second, as Locher admits, the officer found what he believed to be methamphetamine on the ground where Locher was standing. Furthermore, starting fluid, which Locher admits was in plain view inside the vehicle, is a component used to manufacture methamphetamine. *See State v. Blevins*, 4th Dist. No. 10CA3353, 2011-Ohio-3367, ¶ 23 ("Blevins apparently concedes that the chemicals found in the vehicle—pseudoephedrine, ether in the starting fluid, and lithium in the batteries—may be used to manufacture methamphetamine."). Thus, based on Locher's own assertions, the officer had probable cause to search Locher's vehicle based on (1) the presence of what appeared to be methamphetamine on the ground and (2) the starting fluid in plain view inside the vehicle. *See State v. Salvato*, 1st Dist. No. C-980939, 1999 WL 636557, *1 (Aug. 13, 1999) ("The officer observed a blunt cigar, containing marijuana, inside the car. He had seen two persons sitting in the car as he walked up. There were baggies containing

what looked like marijuana on the ground outside the car. These facts provided the officer with probable cause to believe that the car contained more contraband and justified the search of the car as well as the backpack, which might reasonably have contained contraband also."); *see also State v. Bostwick*, 4th Dist. No. 10CA3382, 2011-Ohio-3671, ¶26-29.

**{¶15}** Thus, Locher has failed to carry his burden on appeal to demonstrate that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Specifically, despite his argument to the contrary, Locher has not shown that "he was perhaps not guilty or had a complete defense to the charges.'" *Campbell*, 2009-Ohio-4992, ¶ 7.

**{¶16}** Additionally, we reject Locher's argument on appeal to the extent it implies that the trial court did not give full consideration to the merits of Locher's motion to withdraw his plea. The record indicates that, at the start of Locher's sentencing hearing, the trial court afforded Locher the opportunity to argue in support of his motion to withdraw his plea. Locher's trial counsel argued on Locher's behalf, and the state asserted its position on the issue. After considering these arguments, the trial court denied Locher's motion. Therefore, Locher cannot demonstrate that the trial court failed to give Locher's motion a full and fair hearing. *See State v. Forest*, 2d Dist. App. No. 19649, 2003-Ohio-1945, ¶ 19 ("[A] trial court's inviting and hearing oral arguments on a motion to withdraw a guilty plea at the sentencing hearing, immediately before sentence is imposed, can constitute a full and fair hearing on that motion.").

**{¶17}** Finally, we note that Locher violated the terms of his bond, which directly impacted his sentence. Locher agreed to plead guilty in exchange for a jointly

recommended two-year sentence. However, as the trial court noted at sentencing, Locher knew that if he violated the terms of his bond by failing a drug test, then he would be subject to a five-year sentence. Prior to sentencing, Locher submitted to a drug test, and the results revealed the presence of methamphetamine. Thus, Locher failed his drug test, and, therefore, he faced a five-year prison sentence rather than a two-year sentence. This suggests that Locher's decision to withdraw his guilty plea was based on a mere change of heart. And as we noted above, "[a] change of heart * * * about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea." *Hoke*, 2011-Ohio-1221, ¶ 13.

**{¶18}** Thus, we conclude that the trial court did not abuse its discretion when it denied Locher's motion to withdraw his guilty plea under Crim.R. 32.1. Accordingly, we overrule Locher's sole assignment of error, and we affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.


For the Court


BY:_____
         Roger L. Kline, Judge




## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**