[Cite as *State v. Eager*, 2015-Ohio-3525.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HENRY COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 7-15-02

     v.

RYAN D. EAGER,                     O P I N I O N

     DEFENDANT-APPELLANT.


Appeal from Henry County Common Pleas Court
Trial Court No. 14-CR-0092

**Judgment Affirmed**

Date of Decision:    August 31, 2015


APPEARANCES:

    *Billy D. Harmon*  for Appellant

    *J. Hawken Flanagan*  for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Ryan D. Eager ("Eager"), appeals the February 25, 2015 judgment entry of sentence of the Henry County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On October 16, 2014, the Henry County Grand Jury indicted Eager on seven counts: Counts One through Seven of gross sexual imposition in violation of R.C. 2907.05(A)(4), third-degree felonies. (Doc. No. 2).

{¶3} On October 24, 2014, Eager appeared for arraignment and entered pleas of not guilty. (Doc. No. 11).

{¶4} On January 8, 2015, Eager withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, to Counts One, Two, Three, and Four. (Doc. No. 14); (Jan. 8, 2015 Tr. at 10-11). In exchange for his change of pleas, the State agreed to dismiss Counts Five, Six, and Seven. (*Id.*); (*Id.* at 2). The trial court accepted Eager's guilty pleas, found him guilty on Counts One, Two, Three, and Four, dismissed Counts Five, Six, and Seven, and ordered a presentence investigation ("PSI"). (Doc. Nos. 16, 17); (Jan. 8, 2015 Tr. at 11).

{¶5} On February 20, 2015, the trial court sentenced Eager to three years in prison on Count One, three years in prison on Count Two, three years in prison on Court Three, and three years in prison on Count Four and ordered that Eager serve

the terms consecutively for an aggregate sentence of 12 years. (Doc. No. 17); (Feb. 20, 2015 Tr. at 13).

{¶6} On February 25, 2015, the trial court filed its judgment entry of sentence. (Doc. No. 17).

{¶7} On March 2, 2015, Eager filed his notice of appeal. (Doc. No. 20). He raises one assignment of error for our review.

### Assignment of Error

**The Sentence Imposed upon Defendant-Appellant was Contrary to Law and an Abuse of Discretion.**

{¶8} In his assignment of error, Eager argues that the trial court erred in imposing consecutive sentences because there is no evidence in the record that the victim's harm was great or unusual as required by R.C. 2929.14.

{¶9} A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record; that the sentencing statutes' procedure was not followed or there was not a sufficient basis for the imposition of a prison term; or that the sentence is contrary to law. *State v. Ramos*, 3d Dist. Defiance No. 4-06-24, 2007-Ohio-767, ¶ 23 (stating that "the clear and convincing evidence standard of review set forth under R.C. 2953.08(G)(2) remains viable with respect to those cases appealed under the applicable provisions of R.C. 2953.08(A), (B), and (C) * * *"); *State v. Rhodes*, 12th Dist. Butler No. CA2005-10-426, 2006-Ohio-2401, ¶

4; *State v. Tyson*, 3d Dist. Allen Nos. 1-04-38 and 1-04-39, 2005-Ohio-1082, ¶ 19, citing R.C. 2953.08(G).

{¶10} Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus; *State v. Boshko*, 139 Ohio App.3d 827, 835 (12th Dist.2000). An appellate court should not, however, substitute its judgment for that of the trial court because the trial court is "'clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims.'" *State v. Watkins*, 3d Dist. Auglaize No. 2-04-08, 2004-Ohio-4809, ¶ 16, quoting *State v. Jones*, 93 Ohio St.3d 391, 400 (2001).

{¶11} "Except as provided in * * * division (C) of section 2929.14, * * * a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States." R.C. 2929.41(A). R.C. 2929.14(C) provides:

> (4) * * * [T]he court may require the offender to serve the prison
> terms consecutively if the court finds that the consecutive service is
> necessary to protect the public from future crime or to punish the
> offender and that consecutive sentences are not disproportionate to

-4-

the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶12} R.C. 2929.14(C)(4) requires a trial court to make specific findings on the record before imposing consecutive sentences. *State v. Hites*, 3d Dist. Hardin No. 6-11-07, 2012-Ohio-1892, ¶ 11; *State v. Peddicord*, 3d Dist. Henry No. 7-12-

24, 2013-Ohio-3398, ¶ 33. Specifically, the trial court must find: (1) consecutive sentences are necessary to either protect the public or punish the offender; (2) the sentences would not be disproportionate to the offense committed; and (3) one of the factors in R.C. 2929.14(C)(4)(a), (b), or (c) applies. *Id.*; *Id.*

{¶13} The trial court must state the required findings at the sentencing hearing prior to imposing consecutive sentences and incorporate those findings into its sentencing entry. *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29. A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶14} Eager concedes that the trial court made the three statutorily required findings before imposing consecutive sentences at the sentencing hearing and incorporated those findings into its sentencing entry. Specifically, at the sentencing hearing, the trial court said:

Now I've looked at all those factors and it is fair to say that I do deem the consecutive sentences are appropriate. It is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offenders [sic] conduct. This was a small child, this was an innocent child and the danger that you pose to the public because you were in a position of trust, it would be very easy for someone to trust you again. The Court would further find that the offenses were committed as part of a course of conduct and the harm caused by these multiple offenses was so great and unusual that no single prison term for any of the offenses committed is part of the course of conduct adequately reflects the seriousness of the offenders conduct. I don't find that the sentence that I am about it impose is disproportionate given the conduct.

(Feb. 20, 2015 Tr. at 12-13). The trial court incorporated its findings into its sentencing entry. (*See* Doc. No. 17). Therefore, the trial court made the appropriate R.C. 2929.14(C)(4) findings before imposing consecutive sentences.

{¶15} However, Eager argues that his sentence is clearly and convincingly contrary to law because the record does not support the findings the trial court used to justify the imposition of consecutive sentences—that is, Eager argues that the trial court's imposition of consecutive sentences was improper because there is no evidence in the record that the victim's harm was great or unusual. While a trial court is not required to state reasons in support of its R.C. 2929.14(C)(4) findings, an appellate court may take action if the record clearly and convincingly

does not support the trial court's findings under R.C. 2929.14(C)(4). *See Bonnell* at ¶ 37. *See also* R.C 2953.08(G)(2)(a).

**{¶16}** In support of his argument that the record does not support his sentence, Eager points to a portion of the dissenting opinion in *State v. Hale*. 3d Dist. Marion No. 9-13-17, 2014-Ohio-262 (Rogers, J., concurring in part and dissenting in part). In particular, Eager relies on that portion of the dissenting opinion in *Hale* to argue that the trial court erred in imposing consecutive sentences because the trial court did not make separate and distinct findings under R.C. 2929.14(C)(4). *See id.* at ¶ 39. Eager avers that the trial court's findings were not separate and distinct because, similar to *Hale*, there is no victim-impact statement and "nothing in the record that suggests that [Eager's] activity has led to counseling, or any specific emotional complications" for the victim. (Appellant's Brief at 4); *Hale* at ¶ 43.

**{¶17}** Eager's argument is meritless. First, not only does Eager solely rely on a portion of a dissenting opinion in support of his argument, but his reliance on that opinion is misplaced. The portion of the dissenting opinion in *Hale* on which Eager relies avers that the trial court's imposition of consecutive sentences was improper because the trial court relied on evidence outside of the record to conclude that Hale's conduct resulted in a great or unusual harm. That is not the case here. At the sentencing hearing, unlike the defendant in *Hale*, Eager *agreed*

that the victim suffered "emotional stress" from Eager's conduct. *See Hale* at ¶ 42; (Feb. 20, 2015 Tr. at 7). Yet, on appeal, Eager argues that the trial court improperly assumed that the victim endured psychological harm as a result of Eager's conduct. Eager cannot now argue that the trial court improperly made that assumption. *See State v. Boles*, 2d Dist. Montgomery No. 20730, 2005-Ohio-4490, ¶ 32 (concluding that the defendant's "attempt to make the exact opposite argument on appeal" than he made to the trial court was without merit); *State v. Blanton*, 184 Ohio App.3d 611, 2009-Ohio-5334, ¶ 10 (10th Dist.) ("Appellant may not stipulate at trial that he was required to provide notice and thereafter argue on appeal that he was not required to provide notice.").

{¶18} Moreover, Eager appears to suggest that there must be a victim-impact statement in the record for the trial court to conclude that a child victim of a sexually based offense suffered psychological harm. R.C. 2947.051 governs victim impact statements and provides:

(A) In all criminal cases in which a person is convicted of or pleads guilty to a felony, if the offender, in committing the offense, caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim of the offense, the court, prior to sentencing the offender, shall order the preparation of a victim impact statement * * *.

R.C. 2947.051(A). "'The purpose of the [victim impact] statement is to inform the court about any economic loss and physical injury suffered by the victim as a result of the offense and to provide other information about the impact of the offense upon the victim.'" *State v. Sealey*, 11th Dist. Lake No. 2002-L-100, 2003-Ohio-6697, ¶ 59, quoting *State v. Garrison*, 123 Ohio App.3d 11, 16-17 (2d Dist.1997), citing, R.C. 2947.051(B). The victim impact statement must be considered by the trial court in sentencing the defendant. "A trial court's error in failing to order a victim impact statement is not reversible, absent an affirmative demonstration of prejudice to the appellant.'" *Id.*, citing *State v. Patterson*, 110 Ohio App.3d 264, 269 (10th Dist.1996), citing *State v. Penix*, 4th Dist. Scioto No. 90CA1887, 1991 WL 224180, *5 (Oct. 23, 1991).

{**¶19**} Eager did not object to the trial court's failure to order a victim impact statement; therefore, the trial court's failure to order the statement must constitute plain error. *State v. Shaffner*, 12th Dist. Madison No. CA2002-07-012, 2003-Ohio-3872, ¶ 7. "Crim.R. 52(B) provides that '[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.'" *Id.*, quoting Crim.R. 52(B). "For there to be plain error under Crim.R. 52(B), the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right." *State v. Bagley*, 3d Dist. Allen No. 1-13-31,

2014-Ohio-1787, ¶ 55, citing *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Generally, '[n]otice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Shaffner* at ¶ 7, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

**{¶20}** The trial court's failure to order a victim impact statement under R.C. 2947.051 does not amount to plain error. Eager failed to demonstrate how the trial court's failure to order a victim impact statement affected his substantial rights. Although Eager argues that the record does not contain any evidence that the victim suffered emotional complications as a result of his actions to support the trial court's finding under R.C. 2929.14(C)(4)(b), Eager conceded at the sentencing hearing, as we noted above, that the victim suffered emotional stress as a result of his actions. Eager makes no further argument how a victim impact statement would have mitigated his crimes. *See Shaffner* at ¶ 8 ("Victim impact statements generally work to the prosecution's benefit and the criminal defendant's detriment."); *Sealey* at ¶ 62 (concluding that the defendant failed to show prejudice because "the preparation of victim impact statements in this case would have added little, if any, value to the sentencing proceeding besides expense and delay"), citing *Garrison* at 17. Therefore, it was not plain error for the trial court to fail to order a victim impact statement under R.C. 2947.051.

{¶21} Instead, it is clear from the record that Eager's offenses were committed as part of a course of conduct, which resulted in great or unusual harm. *See, e.g.*, *Hale* at ¶ 23; *State v. Hawkins*, 2d Dist. Greene No. 2014-CA-6, 2014-Ohio-4960, ¶ 12. Eager was originally indicted on seven third-degree felonies, each carrying a possible five years of imprisonment, for a total possible sentence of 35 years. The conduct underlying each count of the indictment involved Eager placing "his hand in [the] pants and underwear, [and] then rubb[ing] the vagina" of the eight-year-old daughter of his girlfriend with whom Eager shared a home. (PSI at 3). At the time Eager committed the conduct, he was in a position of trust and authority over his victim. (*Id.*). Furthermore, unlike *Hale*, Eager did not challenge the contents of the PSI report. Therefore, the trial court did not err in concluding that Eager's conduct was part of a course of conduct that resulted in great or unusual harm, and Eager failed to clearly and convincingly demonstrate that his sentence is unsupported by the record or contrary to law.

{¶22} Eager's assignment of error is overruled.

{¶23} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, J., concurs in Judgment Only.**

**ROGERS, P.J., dissents.**

{¶24} Although the trial court made the mandatory findings to impose consecutive sentences, the record is devoid of any evidence that supports a finding of great or unusual harm. Therefore, I must respectfully dissent.

{¶25} To impose consecutive sentences upon a defendant, the trial court must find "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public[.]" R.C. 2929.14(C)(4). In addition, the trial court must also find that one of the following three additional factors is met:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so *great or unusual* that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.) R.C. 2929.14(C)(4)(a)-(c).

{¶26} In sentencing Eager, the trial court stated:

> Now I've looked at all those factors and it is fair to say that I do deem the consecutive sentences are appropriate. It is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offenders [sic] conduct. * * * The Court would further find that the offenses were committed as part of a course of conduct and the harm caused by these multiple offenses was so great and unusual that no single prison term for any of the offenses committed is part of the course of conduct adequately reflects the seriousness of the offenders (sic) conduct. I don't find that the sentence that I am about to impose is disproportionate given the conduct.

Sentencing Tr., p. 12-13. The relevant factor at issue here is R.C. 2929.14(C)(4)(b). Therefore, the State was required to present evidence that the harm caused to the victim was so great or unusual as to require consecutive sentences.

{¶27} It is clear from the transcript that the trial court regurgitated the statutory language of R.C. 2929.14(C)(4). Nonetheless, there is no evidence in the record to support the conclusion that the victim's harm was great or unusual under R.C. 2929.14(C)(4)(b). No witnesses testified, and no victim impact statement was ever filed. *Compare State v. Nesser*, 5th Dist. Licking No. 02CA103, 2005-Ohio-4313, ¶ 19 (finding that consecutive sentences were properly imposed where the victim was three years old and the mother of the victim testified at the sentencing hearing regarding the psychological harm experienced by the victim). Although the State suggested that the victim's harm was "exacerbated" due to her

-14-

young age, a prosecutor's statements are not evidence. *See State v. Nagy*, 8th Dist. Cuyahoga No. 90400, 2008-Ohio-4703, ¶ 29.

**{¶28}** The majority relies on Eager's counsel's statement at the sentencing hearing that the victim suffered "emotional stress" from Eager's conduct. (Majority Opin., ¶ 17); Sentencing Tr., p. 7. Nothing is unusual about a claim of emotional stress. Certainly every victim of a sexual crime exhibits some sort of emotional stress, albeit in different degrees. Emotional stress is not unusual in these types of cases, but it *can* be great. However, this court has no way of knowing the extent of the victim's psychological harm due to the State's failure to present any evidence at the sentencing hearing. A court is not permitted to assume great or unusual harm without any evidence to support it. *See State v. Hale*, 3d Dist. Marion No. 9-13-17, 2014-Ohio-262, ¶ 45 (Rogers, J., concurring in part and dissenting in part).

**{¶29}** While I agree that Eager's conduct is reprehensible and that it created the *potential* for great or unusual harm, there is simply no evidence in the record that great or unusual harm resulted from Eager's actions . *See State v. Bruce*, 4th Dist. Washington No. 02CA51, 2003-Ohio-4081, ¶ 21. The State cannot say that by simply violating the statute, the harm was automatically great or unusual. *See Hale* at ¶ 41 (Rogers, J., concurring in part and dissenting in part).

**{¶30}** Since the record is devoid of any evidence that the victim's harm was great or unusual, the sentence is NOT supported by the record and the trial court erred by imposing consecutive sentences. *See id.* at ¶ 45; *State v. Snyder*, 3d Dist. Seneca No. 13-12-38, 2013-Ohio-2046, ¶ 39. Therefore, the imposition of consecutive sentences in this case was contrary to law and an abuse of discretion. I would sustain Eager's assignment of error and reverse the judgment of the trial court.

**/jlr**