[Cite as *State v. Williams*, 2016-Ohio-4905.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio

        Appellee

v.

Shaquille Williams

        Appellant

Court of Appeals Nos. L-15-1259
L-15-1260

Trial Court Nos. CR0201501530
CR0201501819

**<u>DECISION AND JUDGMENT</u>**

Decided: July 8, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Matthew D. Simko, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Shaquille Williams, appeals from two September 28, 2015

judgments journalized in two separate criminal actions following the acceptance of guilty

pleas. The appeals have been consolidated. In the first case, he was charged with

violating R.C. 2921.331(B) and (C)(5)(a)(ii), failure to comply with the order of a police

officer, a third-degree felony. In the second case, he was charged with two counts of violating R.C. 2911.01(A)(1), aggravated robbery, a first-degree felony with firearm and criminal gang specifications, and one count of participating in a criminal gang, a violation of R.C. 2923.42(A) and (B), a second-degree felony. Pursuant to a plea agreement, the charges in the second case were reduced to robbery, with a firearm specification, a violation of R.C. 2911.02(A)(3) and (B) and 2941.145, and one count of participating in a criminal gang.

{¶ 2} The court sentenced appellant to a one-year term of imprisonment on the failure to comply offense (to be served first) and 18 months of imprisonment for each of the robbery convictions and 4 years imprisonment for the participating in a criminal gang conviction. All the terms of imprisonment were ordered to be served consecutively to each other. Appellant asserts the following assignments of error on appeal:

> Assignment of Error One: The trial court erred when it refused to allow appellant to withdraw his plea before sentencing.

> Assignment of Error Two: Clear and convincing evidence supports reversing appellant's consecutive sentences.

{¶ 3} Several delays of the trial of these cases arose. The state sought continuances because of the unavailability of the officer who could identify appellant in the failure to comply case. The state sought to join the two cases for trial. There was a possibility of an additional indictment against appellant for another robbery. Appellant filed a pro se motion seeking funds for expert assistance, a private investigator, and a reenactment team,

2.

which his appointed counsel did not recommend. The state also moved for a continuance of the case involving the robbery charges because appellant had produced a statement signed by his co-defendant exonerating appellant.

{¶ 4} On the date set for trial, the state moved for a continuance and also placed on the record the plea agreement offered about a week prior to the hearing. The plea agreement provided that appellant would plead guilty to the charges of failure to comply and there would be a jointly-recommend sentence of a one-year term of imprisonment to be served consecutive to any sentence imposed in the second case. As to the second case, the plea agreement provided appellant would enter a guilty plea to two counts of the lesser included offense of robbery and one count of participating in a criminal gang. The jointly-recommended sentence would be a maximum of 17 years imprisonment, with three years mandatory.

{¶ 5} The state alleged the facts it could prove as follows. Appellant was part of a criminal gang from 2010 to 2015, and the gang was engaged in criminal activity. In February 2015, appellant entered business establishments to survey the scene prior to the planned robberies. Afterward, an accomplice entered the store and use a gun to demand money. Appellant also acted as the getaway driver. Appellant was identified from camera recordings. The prosecution had additional information which would lead to a third robbery charge based on a DVD-recorded, verbal statement by a co-defendant implicating appellant. However, the same co-defendant also provided a written statement exonerating appellant. Because of additional information obtained, the state was

3.

prepared to add an additional aggravated robbery charge if appellant did not accept the plea. The state also alleged that it could prove appellant failed to comply with the order of a police officer to stop a motor vehicle for a traffic violation in March 2015.

{¶ 6} Appellant's attorney stated he had not yet shown appellant the DVD of his co-defendant's statement implicating appellant. Appellant's attorney sought time to discuss the plea with appellant in light of the potential new charges. The prosecution offered to hold the plea agreement open for an additional five days. The court called a recess to give appellant the opportunity to discuss the plea with his counsel. After consulting with his attorney during a nearly two-hour recess, appellant decided to enter a guilty plea in each case at the time of the hearing.

{¶ 7} The trial court immediately conducted a thorough Crim.R. 11 plea hearing. The trial court addressed appellant personally and appellant stated he was prepared to enter guilty pleas. Appellant acknowledged he was clearheaded and able to understand what was happening. The trial court confirmed appellant's appearance, demeanor, and responses indicated he was not under the influence or incapacitated. Appellant's attorney also agreed that appellant was clear and making his own decisions. Appellant indicated that he and his attorney discussed the matter thoroughly and appellant was satisfied with his representation and advice. Appellant acknowledged he understood the effect of the guilty pleas and the penalties which could be imposed. The trial court explained postrelease control and the rights and privileges appellant would be foregoing by entering guilty pleas. At the end of the hearing, appellant stated that he was entering the guilty

4.

pleas voluntarily "[b]ecause I'm, um --because I did it. I own up to it." The trial court then accepted the pleas.

{¶ 8} However, at the beginning of the sentencing hearing held two days later on August 19, 2015, appellant indicated to his attorney a desire to withdraw his prior guilty pleas. Because the attorney was not notified ahead of time, he asked for the case to be continued so a written motion could be filed. On August 27, 2015, appellant filed a written motion to withdraw his plea in both cases. He asserted that he was confused and overwhelmed at the time he entered the pleas, he did not fully understand the consequences of entering the pleas, and he had numerous defenses he wished to assert. Appellant asserted the state would not be prejudiced by withdrawal of the plea because only two days had passed.

{¶ 9} On September 18, 2015, appellant sought a continuance so he could retain private counsel. The court gave appellant one week to retain counsel or the appointed counsel would continue representing appellant. After appellant failed to obtain retained counsel by the date scheduled by the court, the court conducted a hearing on appellant's motion to withdraw his guilty pleas and denied it. Appellant was then sentenced.

{¶ 10} In his first assignment of error, appellant argues that the trial court erred by denying his motion to withdraw his guilty pleas when the motions were made prior to sentencing.

{¶ 11} There is no absolute right to withdraw a guilty plea after conviction, but prior to sentencing, *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph

5.

one of the syllabus. The matter is left to the sound discretion of the trial court who is in the better position to evaluate both the motivation of the defendant in pleading guilty and the credibility and weight to be given to the reasons for seeking to withdraw the plea. *Id.* at paragraph two of the syllabus. While appellant informed the court that he wished to withdraw the pleas only two days after he had entered his pleas, other factors can weigh in favor of denying the motion even though it was timely made. *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 15.

{¶ 12} An appellate court will not reverse the trial court's denial of the motion unless the defendant can establish that the trial court abused its discretion. *Xie* at 525. An abuse of discretion standard requires a finding that the trial court committed "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 13} Crim.R. 32.1 gives no criteria for determining when withdrawal of a plea is justified. However, the Ohio Supreme Court has held that "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *Xie* at 527. Appellate courts evaluate the trial court's decision based upon the following considerations:

> (1) whether the state will be prejudiced by withdrawal; (2) the
> representation afforded to the defendant by counsel; (3) the extent of the
> Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to
> withdraw; (5) whether the trial court gave full and fair consideration to the

6.

motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *State v. Murphy*, 176 Ohio App.3d 345, 2008-Ohio-2382, 891 N.E.2d 1255, ¶ 39 (6th Dist.), quoting *State v. Griffin*, 141 Ohio App.3d 551, 554, 752 N.E.2d 310 (2001).

A change of heart is an insufficient reason to permit withdrawal of the plea. *State v. Locher*, 4th Dist. Scioto No. 11CA3414, 2012-Ohio-787, ¶ 11; *State v. Lawhorn*, 6th Dist. Lucas No. L-08-1153, 2009-Ohio-3216, ¶ 23 (citations omitted).

{¶ 14} The trial court did not indicate in its decision the basis for denying the motions to withdraw the pleas. Appellant argues that without a written basis, the trial court's judgments cannot be reviewed and weighs in favor of finding an abuse of discretion. We disagree. While a written explanation of the court's reasoning is always helpful, it is not necessary or required by law. There is sufficient evidence in the record upon which we can determine if denial of the motion was the result of an abuse of discretion.

{¶ 15} The hearing on the motion to withdraw was very thorough. Appellant asserted that he was seeking to withdraw the pleas because he was "confused, overwhelmed and unable to think clearly." He asserts on appeal the threat of additional felony charges pressed him to enter guilty pleas. Our review of the record indicates,

7.

however, that the plea negotiations had been ongoing for some time and appellant did not have to enter his plea on August 17, 2015. He was given time to discuss the matter with counsel at that time and could have delayed his decision for several days. While the threat of additional indictments may have motivated appellant to consider the plea agreements, there is no evidence in the record that appellant was unduly burdened or compelled to make a quick decision.

{¶ 16} Appellant also asserts he had "various" defenses and a claim of innocence. The only defenses his attorney asserted were a claim of innocence in the first case and attacking the credibility of a witness in the second case. In the first case, the officer involved was able to identify appellant as the driver of the vehicle involved. While appellant's counsel specifically addressed the exculpatory statement of a co-defendant in the second case, the state also had a witness who could identify appellant and other evidence implicating appellant. The state also had an expert witness for the gang participation charge.

{¶ 17} Appellant argued the competency of his counsel was questionable since appellant had to file a pro se motion for investigatory funds on August 17, 2015. Appointed counsel stated, however, that no further investigation was necessary and counsel had not subpoenaed any witnesses to appear for trial. Appellant has not identified what facts further investigation might confirm or reveal. Appellant also asserted that the attorney-client relationship had broken down because appellant was seeking to retain private counsel. The trial court gave appellant additional time to retain

8.

new counsel, but appellant was unable to do so. Appellant had been forewarned by the court that if private counsel was not retained by September 25, 2015, his appointed counsel would remain counsel of record.

{¶ 18} The state argued it would be prejudiced by having to try the case due to the nature of the gang connection and the difficulty in obtaining witnesses willing to testify against appellant. Appellant argued that the two-day gap from the entry of the plea to sentencing would not have altered any aspect of the state's ability to prosecute the case. However, we agree with the prosecution that there is prejudice where the prosecution must reinstate its case that it believed was resolved and for a second time convince witnesses to testify. An accomplice had already been sentenced and there was no longer leverage the state could use to make the accomplice testify against appellant.

{¶ 19} After consideration of the facts presented at the hearing the trial court denied the motion to withdraw the guilty pleas. In light of the facts presented, we cannot find that appellant has shown the trial court abused its discretion. There was evidence that appellant was given ample opportunity to consider his plea. Appellant failed to present any justification for withdrawing the pleas other than a change of heart. The court even allowed appellant time to retain counsel, but he failed to do so. Appellant failed to present any significant defense that would justify withdrawal of the pleas. The state would be prejudiced by the withdrawal of the pleas. Therefore, we find appellant's first assignment of error not well-taken.

{¶ 20} In his second assignment of error, appellant argues that clear and convincing evidence supports reversing appellant's consecutive sentences.

{¶ 21} Appellant jointly agreed to the imposition of a one-year sentence in the failure to comply case and that it would run consecutive to the sentence imposed in the second case. He acknowledges that he cannot challenge the first sentence. However, he argues that the imposition of consecutive sentences for the robbery convictions in the second case was not supported by the evidence.

{¶ 22} At the sentencing hearing, the trial court stated:

consecutive sentences are necessary to fulfill the purposes of 2929.11 and 2929.14 and * * * to protect the public from future crime, to punish the offender and that they're not disproportionate to the seriousness of the offender's conduct and the danger offender poses. The court further finds that the harm caused was great or unusual, that no single prison term is adequate and the defendant's criminal history requires consecutive sentences.

{¶ 23} In the sentencing judgment, the trial court found consecutive six-year terms of imprisonment were:

necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court further finds the harm caused was great or unusual such that no single prison term is

10.

adequate, and the defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public, * * *.

**{¶ 24}** Appellant argues the trial court did not link any of these findings to the facts in evidence. The sentencing court was not required to do so. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, paragraph one of the syllabus. However, in our review of the sentence, we can reverse a sentence imposing consecutive sentences if we find by clear and convincing evidence that the record does not support the trial court's statutory findings. R.C. 2953.08(G)(2)(a); *State v. Belew*, 140 Ohio St.3d 221, 2014-Ohio-2964, 17 N.E.3d 515, ¶ 12 (Lanzinger, J., dissenting); *State v. Jury*, 6th Dist. Erie No. E-14-100, 2016-Ohio-2663, ¶ 70; *State v. Kay*, 2d Dist. Montgomery No. 26344, 2015-Ohio-4403, ¶ 15. Clear and convincing evidence "is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

**{¶ 25}** Appellant argues that the finding of "great or unusual harm," is unsupported by the record because a robbery is not "unusual" and there was no "great harm" caused. Appellant did not have a gun, no person was physically harmed, and there was no property damage. Furthermore, because the court did not impose maximum, concurrent prison terms, the court must not have considered the offenses as causing great

11.

or unusual harm.  He also contends consecutive sentences were also unnecessary to punish appellant.

{¶ 26} Before imposing consecutive sentences, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the circumstances listed at R.C. 2929.14(C)(4)(a), (b), (c) existed.  R.C. 2929.14(C)(4). In the case before us, the court found both subsections (b) and (c) existed:

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 27} There must be actual evidence of, not the potential for, "great or unusual" harm in evidence to support the finding.  *State v. Eager*, 3d Dist. Henry No. 7-15-02, 2015-Ohio-3525, ¶ 29 (Rogers, P.J., dissenting); *State v. Hale*, 3d Dist. No. 9-13-17, 2014-Ohio-262, 7 N.E.3d 643, ¶ 45 (Rogers, J., concurring in part and dissenting in part); *State v. Bruce*, 4th Dist. Washington No. 02CA51, 2003-Ohio-4081, ¶ 20 (applying R.C.

12.

2929.14(E)(4), effective April 7, 2003, predecessor to R.C. 2929.14(C)(4)). However, when a guilty plea is involved, there are no facts in evidence and the determination must be derived from the statement of what facts the prosecution would have proven if the case had gone to trial.

{¶ 28} At the sentencing hearing, the prosecution sought a substantial sentence for the robbery and criminal gang convictions. The state had evidence appellant had previously admitted to being a member of a gang while in detention as a juvenile for aggravated robbery, which was also the result of gang activity. The state emphasized the gang connection was significant because it was difficult to prosecute appellant when other gang members would assist appellant by intimidating witnesses. Because the crimes occurred in the neighborhood where the gang still operates, witnesses were reluctant to testify.

{¶ 29} Therefore, we find that there was evidence upon which the court have concluded that the offenses in this case caused great and unusual harm because of the gang connection and a single term would not adequately reflect the seriousness of appellant's conduct. *Accord, State v. Oliver*, 7th Dist. Mahoning No. 12 MA 212, 2015-Ohio-2684, ¶ 37. Therefore, we find appellant's second assignment of error not well-taken.

13.

**{¶ 30}** Having found the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.