The STATE of Ohio, Appellee,

v.

RIDENOUR, Appellant.

[Cite as *State v. Ridenour* (1998), 128 Ohio App.3d 134.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18633.

Decided June 3, 1998.

*Maureen O'Connor*, Summit County Prosecuting Attorney, and *Philip D. Bogdanoff*, Assistant Prosecuting Attorney, for appellee.

*Richard S. Kasay*, for appellant.

SLABY, Presiding Judge.

Defendant, Steven H. Ridenour, appeals from the sentence imposed by the Summit County Court of Common Pleas for his conviction for domestic violence. We affirm.

On May 27, 1997, pursuant to a plea agreement, defendant pled guilty to driving under the influence ("DUI") in violation of R.C. 4511.19(A)(1), which was a felony of the fourth degree because defendant had been convicted of four or more offenses within the past six years (this was defendant's sixth such conviction). Defendant also pled guilty to a domestic violence offense, R.C. 2919.25(A). This was a felony of the fifth degree because of a previous domestic violence conviction. The trial court ordered a presentence investigation and scheduled sentencing for June 23, 1997.

At the sentencing hearing, counsel for defendant stated that he would like to address the court on some of the aspects of the presentence report. He also indicated that the victim of the domestic violence was present and that she would like to address the court as well. The court noted that it had already received a

victim impact statement as part of the presentence report. Defendant's counsel and defendant then addressed the court.

The trial court imposed a sentence of one year for the DUI offense, to be served in a Summit County facility, and an additional twelve months of incarceration at the Lorain Correctional Institution for the domestic violence charge. Pursuant to R.C. 2929.13(B), the court found the following factors applicable in sentencing defendant:

"(1) physical harm to a person;

"(2) served prior prison term;

"(3) relationship with victim facilitated offense;

"(4) committed while on bail;

"(5) history of criminal convictions or delinquency adjudications;

"(6) has not responded favorably to sanctions previously imposed[.]"

The court further found that defendant was not amenable to community control.

Defendant now appeals. The first assignment of error, which pertained to the length of the sentence imposed for the DUI, was withdrawn at oral argument, leaving a single assignment of error for our review:

"The trial court erred as a matter of law and abused its discretion in failing to allow the victim of the domestic violence offense to address the court at sentencing."

Defendant contends that the trial court committed prejudicial error because the victim did not have an opportunity to make a statement at the sentencing hearing. Pursuant to R.C. 2930.13(B), the presentence investigation may include a victim impact statement. From the trial court's comments, it appears that one was included. Defendant argues, however, that R.C. 2930.14(A) gives the victim a mandatory right to make a statement before sentencing.

R.C. 2930.14(A) provides that "[b]efore imposing sentence upon a defendant for the commission of a crime, the court shall permit the victim of the crime to make a statement." Under R.C. 2930.14(B), this statement shall be considered by the court along with other factors that the court is required to consider in imposing sentence.

The purpose of a victim impact statement is to help apprise the sentencing authority of the actual harm inflicted upon the victim and the victim's family by the crime. See *Payne v. Tennessee* (1991), 501 U.S. 808, 821, 111 S.Ct. 2597, 2606, 115 L.Ed.2d 720, 733; *State v. Fautenberry* (1995), 72 Ohio St.3d 435, 439, 650 N.E.2d 878, 882. See, also, R.C. 2947.051(B). The victim impact

statement "is not for the benefit of the defendant but rather to be sure the court considers the impact of causing physical harm upon the victim when the court imposes * * * sentence." *State v. Johnson* (Dec. 18, 1985), Summit App. No. 12157, unreported, at 9, 1985 WL 4654.

The failure of a trial court to allow a victim impact statement does not afford a defendant any grounds for relief. In the Ohio Revised Code's chapter addressing victim rights, R.C. 2930.19(C) states:

"The failure of any person or entity to provide a right, privilege, or notice to a victim under this chapter does not constitute grounds for declaring a mistrial or new trial, for setting aside a conviction or sentence, or for granting postconviction release to a defendant."

Defendant's assignment of error is not well taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE and DICKINSON, JJ., concur.