OPINION
Reginald Williams is appealing from his conviction of one count of domestic violence, a felony of the fifth degree, in violation of R.C.2919.25(A), to which he had pled guilty as part of a plea bargain. As part of the plea bargain, the State agreed to recommend "community control with anger management and batterer's counseling." Further, the State recommends that the defendant receive and follow any and all recommendations on an alcohol assessment. Docket 23.
On appeal, Mr. Williams, represented by counsel, asserts the following two assignments of error:
 "1. THE COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO WITHDRAW HIS PLEA AS THE TRIAL COURT DID NOT COMPLY WITH THE PROVISIONS OF CRIMINAL RULE 11 AT THE TIME OF THE PLEA HEARING.
 "2. MR. WILLIAMS WAS IMPROPERLY SENTENCED AS THE ALLEGED VICTIM OF THE OFFENSE WAS NOT PERMITTED TO SPEAK AT THE SENTENCING HEARING."
In his first assignment of error, the defendant argues that a motion to withdraw his plea of guilty before sentencing should be freely granted, citing State v. Peterseim (1980), 68 Ohio App.2d 211. However, the defendant recognizes that this court has stated that one who enters a guilty plea does not have the absolute right to withdraw that plea, but rather, the decision is vested in the sound discretion of the trial court. State v. Barnett (1991), 73 Ohio App.3d 244, 250.
The defendant also argues that his motion to withdraw his plea should have been granted because he was advised at the time of his plea that he may be subject to five years of post-release control, when the law states he is subject to three years of post-release control. R.C. 2967.28(C). As to the first argument, we note that as his sole reason for seeking to withdraw his guilty plea, as presented by his counsel at the plea hearing, was his knowledge that he may be subject to incarceration, which was recommended to the court by the Adult Probation Department of Greene County, rather than just community control sanctions, which were recommended by the State as part of the plea bargain. The law is clear, however, that a mere change of heart does not provide the adequate justification for the withdrawal of a guilty plea. State v. Lambrose
(1988), 44 Ohio App.3d 102. Furthermore, this court has held that a trial court did not abuse its discretion in refusing to allow a defendant to withdraw his guilty plea when the reason presented by the defendant was his newly found knowledge that he might receive a more stringent sentence than he had anticipated. State v. Mooty, Greene App. No. 2000 CA 72, 2001-Ohio-1464.
We find that Mooty controls this case and, therefore, there was no error by the trial court in refusing to allow the defendant to withdraw his plea of guilty.
Furthermore, we note that while the court, through its plea form, did incorrectly advise Williams that he may be subject up to five years of post-release control but, as pointed out by the appellee, it is difficult to imagine how he was prejudiced by this overstatement of the term of possible post-release control.
The first assignment of error is overruled.
As to the second assignment of error, it has been held that the failure of a trial court to allow a victim impact statement by the victim does not afford a defendant any grounds for relief. State v. Ridenour
(1998), 128 Ohio App.3d 134. In Ridenour, the Court of Appeals of Summit County, pointed out that the purpose of a statement by a victim to the court is "to help apprise the sentencing authority of the actual harm inflicted upon the victim and the victim's family by the crime." Id. 136. The court further pointed out that the statement by the victim is not for the benefit of the defendant and cited R.C. 2930.19(C) which states: "The failure of any person or entity to provide a right, privilege, or notice to a victim under this chapter does not constitute grounds for declaring a mistrial or new trial, for setting aside a conviction or sentence, or for granting postconviction release to a defendant."
The decision by court not to allow this victim to speak is supported by the fact that the court had already heard her in prior cases when the same defendant had been charged with domestic violence, as appears in this exchange between the defendant's attorney and the court:
 "MR. SULLIVAN: Excuse me, Your Honor. I believe Miss Williams wanted to say something.
 "THE COURT: I'm not interested in hearing that. The Court will assume that she would say something good as she has said in the past when there have been previous cases that have been dropped in this case and I'm really not interested in hearing it." Tr. 9.
The second assignment of error is overruled. The judgment is affirmed.
BROGAN, J. and GRADY, J., concur.