OPINION
{¶ 1} This appeal arises from the dismissal of a civil action in the Columbiana County Court of Common Pleas for the failure to state a claim upon which relief can be granted. Appellant, Angela Lewis, filed her civil complaint against Appellees, the Office of the Prosecuting Attorney for Columbiana County, Ohio, and John Does, unknown persons, agents, and victim advocates. She alleged that they failed to provide her, as a victim of domestic abuse, with notice of her husband's release from state custody. She also claimed that Appellees hid her husband's release; violated her civil rights; failed to adopt proper victim notification standards; failed to train its victim advocates; and failed to protect her. Appellant claimed she was again attacked and beaten by her husband as a result of these alleged failures. She stated that she suffered severe physical and psychological damages as a result of the attack.
 {¶ 2} In response, Appellees filed a motion to dismiss Appellant's complaint. Appellees raised issues of political subdivision immunity and that the victim's rights statute clearly prohibits liability based on a prosecutor's failure to satisfy its statutory obligations. Appellant opposed the motion, but the trial court subsequently granted it pursuant to Civ.R. 12(B)(6) citing only, "the authorities cited in the Defendants' pleadings[.]" (Oct. 7, 2005, Judgment Entry.)
 {¶ 3} Appellant timely appealed to this Court and asserts two assignments of error on appeal. She argues that the trial court abused its discretion when it dismissed her state and federal claims. Since Appellant did not set forth anything in her pleading that would allow her to recover, we must affirm the trial court's decision dismissing her complaint pursuant to Civ.R. 12(B)(6).
 {¶ 4} In Appellant's first assignment of error she states:
 {¶ 5} "The trial court committed prejudicial error and an abuse of discretion when it granted Defendants' Motion to Dismiss holding that the Plaintiff cannot prove any set of facts entitling her to recover under the State claims.
 {¶ 6} "ISSUE I The Prosecuting Attorney's Office had specific duties pursuant to Ohio Revised Code § 2930.01 et seq. to protect Angela Lewis since she was a victim of domestic violence.
 {¶ 7} "ISSUE II The Prosecuting Attorneys' Office failure to advise Angela Lewis that her attacker was having a Hearing June 17, 2004 and that he was released after the Hearing on June 17, 2004 is not protected by any sovereign immunity defense.
 {¶ 8} "ISSUE III Ohio Revised Code § 2930.06 (B) statutorily places the duty first on the Prosecuting Attorney's Office to perform its duties in order to protect victims of domestic violence.
 {¶ 9} "ISSUE IV Ohio Revised Code § 2930.19 (B) and §2930.19 (C) are used to further protect the victim by not allowing the Defendant in a domestic violence case to use as his own protections, the protections that should be provided to victims."
 {¶ 10} A ruling on a Civ.R. 12(B)(6) motion to dismiss is a question of law. Thus, an appellate court applies a de novo standard of review. Ferreri v. The Plain Dealer Publishing Co.
(2001), 142 Ohio App.3d 629, 639, 756 N.E.2d 712.
 {¶ 11} A motion to dismiss for the failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 548,605 N.E.2d 378. In considering a motion to dismiss a complaint under Civ.R. 12(B)(6), a court must presume all of the factual allegations in the complaint are true and construe all reasonable inferences in Appellant's favor. A court may dismiss that complaint only if it finds beyond a doubt that Appellant can prove no set of facts warranting relief. State ex rel. Seikbertv. Wilkinson (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128.
 {¶ 12} Further, a court must liberally construe the pleadings when determining whether the complaint states a cognizable claim.Miller v. Med. Economics Consultants Co., Inc., 2nd Dist. No. 19177, 2002-Ohio-4972; Civ.R. 8(F).
 {¶ 13} Appellant claims that Appellees failed to notify her of her husband's release from custody and that they failed to protect her from him. She also alleges that Appellees failed to adopt proper notification standards and failed to train and instruct its agents contrary to its statutory obligations. As a result of these alleged failures, she says that she was attacked by her husband and suffered serious injuries. Appellant argues that Appellees acted negligently, recklessly, with malice, and with wanton disregard for her rights. Although Appellant does not specifically state as much in her complaint, her claims are based on Appellees' statutory obligations set forth in R.C. § 2930.01, et seq.
 {¶ 14} R.C. § 2930.16(A) provides in part, "[p]romptly after sentence is imposed upon the defendant * * *, the prosecutor in the case shall notify the victim of the date on which thedefendant will be released from confinement or the prosecutor's reasonable estimate of that date." (Emphasis added.) R.C. §2930.16(B)(1) provides in part, "[u]pon the victim's request, theprosecutor promptly shall notify the victim of any hearing forjudicial release of the defendant * * * and of the victim's right to make a statement[.] * * * The court shall notify the victim of its ruling[.]" (Emphasis added.) As earlier stated, while Appellant does not specifically refer to these statutes in her complaint, these are the exact failures she asserts.
 {¶ 15} Appellant entirely ignores R.C. § 2930.19(B), however, which specifically provides that any failure of a public official or agency to comply with these statutory obligations will not
result in liability. It states, "[t]he failure of a public official or public agency to comply with the requirements of this chapter does not give rise to a claim for damages against that public official or public agency[.]" R.C. § 2930.19(B). Thus, liability cannot arise from any failures regarding these statutory obligations.
 {¶ 16} Appellant attempts to argue that the purpose of these provisions, to protect domestic violence victims, demands that she be entitled to recover for the state's failure to satisfy its statutory obligation. However, neither party in the instant case directs our attention to any court decisions construing these provisions in a similar context. Further, and while Appellant correctly argues that the provisions in R.C. § 2930.01 et seq. are undoubtedly designed to protect victims of domestic violence, we are not at liberty to set aside the legislature's clear and unmistakable intent to preclude liability based on these statutory obligations. R.C. § 2930.19(B).
 {¶ 17} Notwithstanding the clear prohibition on the state's liability, Appellant raises claims based on negligence, recklessness, malice, and wanton disregard for her rights. In order to sustain an action in negligence, a party must establish three essential elements: duty, breach of the duty, and an injury proximately caused by that breach. Menifee v. Ohio WeldingProducts, Inc. (1984), 15 Ohio St.3d 75, 77, 472 N.E.2d 707. While the language of the statute appears to create a duty on the part of the state, unfortunately for Appellant this same chapter negates any liability for breach. Thus, absent the prosecutor's statutory obligation, Appellant cannot establish any negligence claim against Appellees.
 {¶ 18} In an attempt to circumvent the clear language of R.C. § 2930.19(B), Appellant argues that the language in this section was designed to eliminate claims by third parties for an agency's failure to satisfy its R.C. § 2930.01 et seq. obligations, and not claims by victims. Appellant directs our attention to Statev. Ridenour (1988), 128 Ohio App.3d 134, 713 N.E.2d 1140, in support of this argument. Contrary to her position, however,Ridenour, simply held that R.C. § 2930.14(A), which provides the victim of a crime an opportunity to make a statement before sentencing, is not for the benefit of the defendant. As such, a court's failure to allow a victim impact statement does not afford a defendant grounds for relief. Id. at 137. Ridenour did not hold that R.C. § 2930.01 et seq. provide a cause of action for victims of domestic violence. Unfortunately for Appellant, R.C. § 2930.19(B) clearly also precludes a victim such as Appellant's claims herein.
 {¶ 19} Barring statutory duty, Appellant tries to make another argument setting up a duty on the part of the state. While one generally owes no duty to act to protect others or to control the conduct of a third person, certain courts have recognized a special relationship exception to the general "no duty" rule. Evans v. Ohio State Univ. (1996),112 Ohio App.3d 724, 751-753, 680 N.E.2d 161.
 {¶ 20} Appellant did not assert this "special relationship" exception in her complaint. She does, however, argue in her brief that she made this claim in her complaint based on her allegations that Appellees had to protect her as a prior victim of domestic violence. Thus, in liberally construing Appellant's complaint in her favor, we assume that Appellant asserted this argument.
 {¶ 21} Ohio courts have held that this "special relationship" exception applies only in certain circumstances:
 {¶ 22} "a special relationship exists between the actor and the third person that imposes a duty upon the actor to control the third person's conduct, or when a special relationship exists between the actor and the other that gives to the other a right to protection. * * * `[A] "special relation" exists when one takes charge of a person who he knows or should know is likely to cause bodily harm to others if not controlled.'" Chrisman v.Ohio Dept. of Rehab Corr., 124 Ohio Misc.2d 74,2003-Ohio-4434, 795 N.E.2d 167, ¶ 9, quoting Littleton v. GoodSamaratin Hosp. Health Ctr. (1988), 39 Ohio St.3d 86, 92,529 N.E.2d 449.
 {¶ 23} Appellant also directs this Court's attention toDeShaney v. Winnebago County Dept. of Social Services (1989),489 U.S. 189, 109 S.Ct. 998, in support of this argument. InDeShaney, a mother and son sued the Department of Social Services seeking to recover under 42 U.S.C. 1983. They claimed that the department failed to remove the boy from his father's custody following several complaints of abuse. The boy was subsequently beaten by his father, which resulted in severe brain damage. The boy alleged that the department violated his liberty interest in bodily integrity in violation of his substantive rights under the Fourteenth Amendment Due Process Clause by failing to protect him. He argued that the department was obligated to protect him under the circumstances. Id. at 195.
 {¶ 24} However, the department was granted summary judgment. The United States Supreme Court subsequently concluded that a state's failure to protect an individual generally does not provide an adequate basis to constitute a violation of the Due Process Clause since the Due Process Clause does not guarantee a citizen's right to safety. Id. at 196-197.
 {¶ 25} The boy in DeShaney also claimed that the department had a "special relationship" with him creating a duty to protect him. However, the Supreme Court rejected this argument explaining that the constitution imposes a duty to assume responsibility for a citizen's safety only, "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs[.] * * * The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." Id. at 200, citing Estelle v.Gamble (1976), 429 U.S. 97, 103-104, 97 S.Ct. 285.
 {¶ 26} The fact that the department was aware of the dangers did not result in a denial of due process because the protections of the Due Process Clause are not triggered by the state's failure to act. Further, since the Department of Social Services did not restrict the boy's freedom or play a part in the dangers the boy faced, it could not be responsible for his father's independent behavior. Id. at 201.
 {¶ 27} As in DeShaney, supra, Appellant asserts nothing more than a failure to act in this case. There was no restraint on her liberty, or a corresponding denial of her basic needs. As such, no such special relationship exists and this argument lacks merit.
 {¶ 28} It should be noted that Appellees argue in the alternative that they are entitled to immunity pursuant to the Ohio Political Subdivision Tort Liability Act, under R.C. Chapter 2744. However, we need not reach this issue since there was no common-law or statutory duty or liability on the part of the governmental actors in the first instance.
 {¶ 29} Accordingly, Appellant fails to state a claim upon which relief could be granted on her state law claims. Civ.R. 12(B)(6). The trial court's dismissal of these is hereby affirmed.
 {¶ 30} In Appellant's second assignment of error, she argues,
 {¶ 31} "The trial court committed prejudicial error and an abuse of discretion when it granted Defendants' Motion to Dismiss holding that the Plaintiff cannot prove any set of facts entitling her to recover under the Federal claims."
 {¶ 32} Appellant's alleged federal claims assert that Appellees violated her civil rights in violation of Section 1983, Title 42, of the U.S. Code by hiding the fact that her husband was being released from custody; failing to notify her of his release; and failing to protect her. We note that Appellant fails to even cite 42 U.S.C. 1983 in her complaint. Instead, she erroneously cites to 28 U.S.C. 1983. (Complaint, ¶ 6, 9.)
 {¶ 33} Appellant argues on appeal that Appellees violated her civil rights by failing to properly train and instruct its victim advocates and agents to notify potential victims. Thus, she claims that Appellees should be held liable pursuant to42 U.S.C. 1983.
 {¶ 34} In order to establish a Section 1983 claim, a plaintiff has to demonstrate that a person acting under color of state or territorial law deprived her of a federal right. Gomezv. Toledo (1980), 446 U.S. 635, 640, 100 S.Ct. 1920.
 {¶ 35} As Appellant correctly states, conduct actionable under Section 1983 by individuals acting under color of state law cannot be immunized under state law even if the claim is being pursued in a state court. Howlett v. Rose (1990), 496 U.S. 356,376, 110 S.Ct. 2430. However, Appellant must first establish that she raised a potentially viable claim under Section 1983 that alleges a violation of her federal rights. Appellant's complaint does not identify the constitutionally protected right that she claims was violated. Further, when questioned at oral argument, Appellant's counsel was unable to answer what right, if any, was allegedly violated. Thus, Appellant's Section 1983 claim fails on its face. Id.
 {¶ 36} Appellant also argues the "special relationship" exception as to her federal claims. She asserts that Appellees affirmatively placed her in a position of danger that she would not have been in absent Appellees' failure to fulfill its statutory obligations. Again, however, as in DeShaney, supra, the allegations in this case present nothing more than a failure to act. Appellant fails to identify any affirmative action by Appellees that created or increased Appellant's risk. Appellant's allegations that the prosecutor's office failed to protect, failed to warn, failed to train, etc. do not constitute affirmative acts resulting in possible liability. In addition, Appellant does not provide any specific factual allegations to support her claim that Appellees affirmatively hid her husband's release. Instead, Appellant claims that Appellees' failure to notify her of her husband's release constitutes "hiding" his release. However, failure to notify and actively hiding information are not one in the same. As such, Appellant's complaint fails to allege any affirmative act that, if established, would or could result in Appellees' liability.
 {¶ 37} Based on the foregoing, Appellant's second assignment of error lacks merit. Her complaint fails to reference42 U.S.C. 1983 and fails to allege a violation of a constitutionally protected right. Appellant also fails to allege an actionable "special relationship." Accordingly, the trial court appropriately dismissed Appellant's federal claims. Civ.R. 12(B)(6).
 {¶ 38} In conclusion, Appellant's assignments of error lack merit and are overruled. The trial court's decision dismissing Appellant's complaint pursuant to Civ.R. 12(B)(6) is hereby affirmed in full.
Vukovich, J., concurs.
DeGenaro, J., concurs.