[Cite as *State v. Chavez*, 2017-Ohio-8417.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-540 |
| | : | |
| SAUL C. CHAVEZ, SR., aka SAUL C. CHAVEZ-COMACHO | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| *Defendant-Appellant* | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of November, 2017.

. . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

JAY B. CARTER, Atty. Reg. No. 0041295, 111 West First Street, Suite 519, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Saul Chavez, Sr. appeals his seven-year sentence after he pled guilty to one count of endangering children. He argues that the trial court failed to afford the mother of the victim an opportunity to make a statement at the sentencing hearing, and that his sentence, therefore, must be reversed. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} On September 26, 2016, Beavercreek Police Department Detective John Bondy responded to Dayton Children's Hospital regarding an injury to a two-month old infant boy. It was determined that the child had presented to the hospital with traumatic brain injury. The child had retinal hemorrhaging in both eyes, seizures, a fractured femur, and a subdural hematoma. The child had to undergo at least one craniotomy, or surgical opening of the skull.

{¶ 3} Following an investigation, Chavez was indicted on one count of endangering children in violation of R.C. 2919.22(B)(1), and one count of endangering children in violation of R.C. 2919.22(A). Chavez filed a motion to suppress statements made to the police. Following a hearing, the motion was overruled. Subsequently, Chavez and the State entered into a plea agreement. Chavez agreed to plead guilty to Count I of the indictment, endangering children in violation of R.C. 2919.22(B)(1). In exchange, the State agreed to dismiss the remaining count. No agreement was reached as to disposition. Chavez entered a plea of guilty on February 15, 2017.

{¶ 4} A sentencing hearing was conducted on March 31, 2017. Defense counsel

addressed the court stating that he had spoken to the victim's mother, who he noted was present in the courtroom for sentencing, and that she informed him she did not request incarceration and that she is "pleased with the child's progress and development." Counsel also noted that the latest medical records for the child indicate that the child is "on target both developmentally and clinically." Chavez also addressed the court to indicate his remorse for the offense.

{¶ 5} The trial court indicated that it had reviewed the medical records to which defense counsel alluded, and noted that while those records indicate that the child is within "normal range," the records did not provide a prognosis. The trial court imposed a seven-year sentence. Chavez appeals.

## II. Analysis

{¶ 6} Chavez's sole assignment of error states as follows:

THE TRIAL COURT ERRED IN FAILING TO AFFORD THE VICTIM'S MOTHER AN OPPORTUNITY TO CLARIFY THE RELEVANT INJURIES AND PROGNOSIS IN A VICTIM IMPACT STATEMENT, IN FAILING TO PROPERLY CONSIDER THE VICTIM'S MEDICAL RECORDS, AND, IN THE ABSENCE OF COMPLETE INFORMATION, INACCURATELY WEIGHED THE SENTENCING FACTORS WHEN IMPOSING SENTENCE.

{¶ 7} Chavez contends that the trial court did not properly weigh the appropriate sentencing factors when imposing the seven-year prison term because it did not give the victim's mother the opportunity to address the court regarding the victim's current medical

condition and because it did not properly consider the victim's current medical records when weighing the sentencing factors.

{¶ 8} In reviewing challenges to sentence-terms for felony offenses, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 7, 9. Under the standard set forth in that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *Id.* at ¶ 22, 23.

{¶ 9} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 10} We begin with Chavez's claim that the trial court was required to give the mother of the victim, as the representative of the minor child, an opportunity to address the court regarding her satisfaction with the child's progress. In support of this claim, Chavez relies upon R.C. 2930.14(A), which states that a trial court shall permit a crime victim to make a statement before the court imposes a sentence upon the defendant. The victim's "statement shall be considered by the court along with other factors that the court is required to consider in imposing sentence." R.C. 2930.14(B).

{¶ 11} First, even though Chavez contends the victim's mother wanted to address the court, there is nothing in the transcript or record to support such a claim. Neither the mother nor defense counsel informed the court that she wanted to make a statement.

{¶ 12} Second, even if the victim's mother desired to make a statement, we would find no error that benefits Chavez. "The victim impact statement 'is not for the benefit of the defendant but rather to be sure the court considers the impact of causing physical harm upon the victim when the court imposes * * * sentence.' " *State v. Ridenour*, 128 Ohio App.3d 134, 136-137, 713 N.E.2d 1140 (9th Dist. 1998), quoting *State v. Johnson*, 9th Dist. Summit No. 12157, 1985 WL 4654, * 4 (Dec. 18, 1985). Instead, "[t]he purpose of a victim impact statement is to help apprise the sentencing authority of the actual harm inflicted upon the victim and the victim's family by the crime." *Id.* at 136. "The failure of a trial court to allow a victim impact statement does not afford a defendant any grounds for relief." *Id.* at 137. "The failure of any person or entity to provide a right, privilege, or notice to a victim under this chapter does not constitute grounds for declaring a mistrial or new trial, for setting aside a conviction or sentence, * * * or for granting postconviction release to a defendant * * *." *Id.*, quoting R.C. 2930.19(C).

{¶ 13} We further find that the trial court did not otherwise err in sentencing. A trial court "has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013–Ohio–2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, in exercising its discretion, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011–Ohio–

3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1, ¶ 38.

{¶ 14} R.C. 2929.11(A) provides that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes." R.C. 2929.11(B) requires that, in addition to achieving these goals, a sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim."

{¶ 15} R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future. The factors include (1) the physical, psychological, and economic harm suffered by the victim; (2) whether the defendant's relationship with the victim facilitated the offense; (3) whether the defendant shows any remorse; and (4) any other relevant factors.

{¶ 16} Chavez pled guilty to a second-degree felony which carries a presumption of a prison term under R.C. 2929.13(D)(1).[1] The trial court clearly stated that it had considered the principles and purposes of sentencing, as well as the seriousness and recidivism factors set forth in R.C. 2929.11 and R.C. 2929.12. It is clear that the physical harm caused to the infant was serious. Further, the victim's relationship to Chavez facilitated the offense. The seven-year prison term is within the range set forth in R.C. 2929.14(A)(2). Further, the trial court did state that it had considered the updated

---

[1] The trial court in this case specifically found that the presumption for prison was not rebutted because community control sanctions would demean the seriousness of the offense. R.C. 2929.13(D)(2)(b).

medical reports submitted by Chavez, and the court was made aware that the victim's mother was "satisfied" with the child's progress. While the trial court did note that the medical reports did not give a prognosis for the court, we find no error in such a finding. The trial court is permitted to consider any factors it finds relevant when determining the seriousness of the crime. R.C. 2929.12(B).

{¶ 17} We conclude that the sentence conferred upon Chavez is not contrary to the law and is supported by the facts in the record. Accordingly, the sole assignment of error is overruled.

### III. Conclusion

{¶ 18} Chavez's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J., concurs.

DONOVAN, J., concurring:

{¶ 19} I agree with the outcome on this record. Nevertheless, in my view R.C. 2930.19(C) would not prevent a defendant from requesting a sentencing hearing where a pre-sentence investigation report contains false or inaccurate information regarding the victim of an offense. Hence, neither *Ridenour* nor *Johnson* should preclude a Defendant from exercising his due process rights to dispute such misinformation.

{¶ 20} R.C. 2951.03 allows the trial court to review or disregard an alleged factual

inaccuracy in a pre-sentence investigation report if the defendant alleges at sentencing that the report is inaccurate. R.C. 2951.03(B)(5).   *See generally State v. Sexton,* 3d Dist. Union No. 14-13-25, 2015-Ohio-934, ¶ 85.

**{¶ 21}** I find no prejudice on this record and concur with an affirmance.

Copies mailed to:

Nathaniel R. Luken
Jay B. Carter
Hon. Michael A. Buckwalter