[Cite as *State v. Dunkle*, 2018-Ohio-4190.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CHARLES E. DUNKLE | : | Case No. CT2018-0009 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. CR2017-328



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 October 12, 2018




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                         STEPHEN P. HARDWICK
Prosecuting Attorney                      Assistant Public Defender
By: GERALD V. ANDERSON, II                250 E. Broad Street
Assistant Prosecuting Attorney            Suite 1400
27 North Fifth Street                     Columbus, OH  43215
P. O. Box 189
Columbus, OH  43702-0189

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Charles E. Dunkle appeals the December 28, 2017 judgement of conviction and sentence of the Court of Common Pleas of Muskingum County, Ohio. Plaintiff-Appellee is the state of Ohio.

### PROCEDURAL HISTORY

{¶ 2}   A recitation of the underlying facts is unnecessary for our resolution of this matter. In September  2017, appellant was indicted on one count of domestic violence pursuant to R.C. 2919.25(A), a felony of the third degree given appellant's two or more prior domestic violence offenses, and one count of intimidation pursuant to R.C. 2921.04(B)(1), a felony of the third degree.

{¶ 3}   On November 21, 2017, the matter proceeded to a jury trial and appellant was found guilty as charged. The trial court continued the matter for sentencing and ordered a presentence investigation.

{¶ 4}   Sentencing took place on December 27, 2017. Before the trial court pronounced sentence, counsel for appellant advised the trial court that the victim, appellant's mother, was present in the courtroom and wished to speak. Counsel further stated the victim wished to advise the trial court that she failed to appear for trial due to health concerns, and not due to appellant's threatening phone calls from the jail warning her of her what would happen to her when he got out, nor his phone calls to others instructing them to make sure his mother was out of town on the day of trial. The trial court did not afford the victim an opportunity to address the court, and appellant did not object.

{¶ 5}   After noting appellant's extensive prior criminal history, and the fact that a victim impact statement sent to appellant's mother was not returned, the trial court sentenced appellant to 30 months incarceration for domestic violence, and 30 months for intimidation. Appellant was ordered to serve the sentences consecutively for an aggregate total of 60 months.

{¶ 6}   Appellant filed an appeal and the matter is now before this court for sentencing. He raises one assignment of error:

I

{¶ 7}   "THE TRIAL COURT ERRED BY IMPOSING SENTENCE WITHOUT PERMITTING THE VICTIM TO MAKE A STATEMENT AT THE SENTENCING HEARING. R.C. 2930.14(A); CRIM.R. 32(A); T. P. 6 (SENTENCING)."

{¶ 8}   In his sole assignment of error, appellant argues his sentence should be vacated and the matter remanded for resentencing because the trial court imposed sentence without permitting the victim to make a statement in violation of Crim.R. 32(A)(1) and (3). We disagree.

{¶ 9}   Crim.R. 32(A)(1) and (3) state:

> (A) Imposition of Sentence. Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
>
> (1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to

make a statement in his or her own behalf or present any information

in mitigation of punishment.

* * *

(3) Afford the victim the rights provided by law;

* * *

{¶ 10} Appellant argues that the trial court denied his opportunity to present an allocution when pursuant to Crim.R.32, it failed to permit the victim to speak. But appellant confuses his own rights with that of the victim under this rule.

{¶ 11} First, appellant was provided with an opportunity to present allocution. We first note that while the victim was not called upon by the court to speak during the sentencing hearing, counsel for appellant proffered the victim's statement on behalf of her son– that she did not avoid trial due to threats from her son, but rather due to medical issues. We further note, at the conclusion of the sentencing hearing, the trial court asked counsel and appellant if either had anything more to add. Counsel indicated he had nothing further and lodged no objection to the trial court's failure to provide the victim an opportunity to speak. Transcript of sentencing 6, 12.

{¶ 12} Next, the rights afforded a victim by law are found in Ohio Revised Code Chapter 2930. Pursuant to that section, the failure of the trial court to provide the victim an opportunity to speak does not afford a defendant any grounds for relief. *State v. Ridenour*, 128 Ohio App.3d 134, 137, 713 N.E.2d 1140 (9th Dist. 1998). Specifically, R.C. 2930.19(C) provides "[t]he failure of any person or entity to provide a right, privilege, or notice to a victim under this chapter does not constitute grounds for declaring a mistrial

or a new trial, for setting aside a conviction, sentence, or adjudication * * *" See also *State v. Chavez*, 2nd Dist. No 2017-CA-26, 2017-Ohio-8417, ¶12.

{¶ 13}  The purpose of a victim's statement pursuant to rights provided a victim "is not for the benefit of the defendant but rather to be sure the court considers the impact of causing physical harm upon the victim when the court imposes * * * sentence.". The purpose "is to help apprise the sentencing authority of the actual harm inflicted upon the victim and the victim's family by the crime." *State v. Ridenour*, 128 Ohio App.3d 134, 136, 713 N.E.2d 1140 (9th Dist. 1998).

{¶ 14} Finally, although appellant argues the victim's statement on his behalf would have been helpful to him because it would have shown he did not cause her absence at trial, the record reflects that the trial court was apprised of this information. Further, the court based its sentence not on any intimidation of the victim by appellant, but rather on appellant's extensive prior criminal history. T 9-10.

{¶ 15} Accordingly, we conclude the trial court committed no error during the sentencing hearing. The sole assignment of error is overruled, and the judgement of the trial court is affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Delaney, J. concur.


EEW/rw105