[Cite as *In re A.M.*, 2020-Ohio-3138.]

STATE OF OHIO         )                    IN THE COURT OF APPEALS
                              )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

IN RE: A.M.                            C.A. No.     19CA011492


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    18JV54897

DECISION AND JOURNAL ENTRY

Dated: June 1, 2020

---

TEODOSIO, Judge.

{¶1} Appellant, A.M., appeals from the judgment of the Lorain County Court of Common Pleas, Juvenile Division, adjudicating him delinquent for complicity to felonious assault and other offenses. This Court affirms.

I.

{¶2} While on community control for a separate burglary case, A.M. brought some friends to his girlfriend's ex-boyfriend's house to engage him in a fight. While the two juveniles fought each other, another man emerged from the house to help, and A.M.'s friends engaged him in a fight. During the altercation, one of A.M.'s friends struck the man in the head, killing him.

{¶3} The State filed a complaint against A.M., alleging that he was a delinquent child for committing several acts that would constitute criminal offenses if committed by an adult. A.M. later entered pleas of admission to: complicity to felonious assault; complicity to assault, as amended; assault; and aggravated trespassing. At a dispositional hearing, the juvenile court

entered a disposition adjudicating A.M. delinquent and committing him to the legal custody of the Department of Youth Services ("DYS") for secure confinement for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed his 21st birthday for complicity to felonious assault. The court further ordered A.M. to write letters of apology to the victims of the remaining counts. A.M. orally requested a stay of execution, which the juvenile court denied.

{¶4} A.M. appealed and soon moved this Court for a stay of execution, which motion was denied. We dismissed the appeal for want of a final appealable order because the juvenile court "issued a disposition as to all counts but found appellant delinquent with respect to Count 1 only." *In re A.M.*, 9th Dist. Lorain No. 18CA011434 (Feb. 19, 2019). Pursuant to Civ.R. 60(A), the juvenile court then issued an entry amending its judgment entry to correctly reflect that A.M. was adjudicated a delinquent child on each remaining count.

{¶5} A.M. now appeals and raises four assignments of error for this Court's review.

II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, [A.M.], WHEN IT ENTERED A DISPOSITION COMMITTING [A.M.] TO THE LEGAL CUSTODY OF THE DEPARTMENT OF YOUTH SERVICES FOR A MINIMUM PERIOD OF ONE YEAR AND A MAXIMUM PERIOD NOT TO EXCEED [A.M.]'S ATTAINMENT OF THE AGE OF TWENTY-ONE YEARS, WHEN THAT DISPOSITION DOES NOT CONFORM TO [R.C.] 2151.19(D) IN THAT THE TRIAL COURT FAILED TO ORDER THE PREPARATION OF A VICTIM IMPACT STATEMENT AND THEREFORE FAILED TO CONSIDER THE SAME.

{¶6} In his first assignment of error, A.M. argues that the juvenile court erred and abused its discretion in failing to order and consider a victim impact statement in accordance with R.C. 2152.19(D). We disagree.

**{¶7}** "The purpose of a victim impact statement is to help apprise the sentencing authority of the actual harm inflicted upon the victim and the victim's family by the crime." *State v. Ridenour*, 128 Ohio App.3d 134, 136 (9th Dist.1998). "The victim impact statement 'is not for the benefit of the defendant but rather to be sure the court considers the impact of causing physical harm upon the victim when the court imposes * * * sentence.'" *Id.* at 136-137, quoting *State v. Johnson*, 9th Dist. Summit No. 12157, 1985 WL 4654, *4 (Dec. 18, 1985).

**{¶8}** Pursuant to R.C. 2152.19(D)(1):

> If a child is adjudicated a delinquent child for committing an act that would be a felony if committed by an adult and if the child caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim of the act, the court, prior to issuing an order of disposition under this section, *shall order the preparation of a victim impact statement* by the probation department of the county in which the victim of the act resides, by the court's own probation department, or by a victim assistance program that is operated by the state, a county, a municipal corporation, or another governmental entity. The court *shall consider the victim impact statement* in determining the order of disposition to issue for the child.

(Emphasis added.). When considering what is essentially the adult equivalent of this juvenile statute, i.e., R.C. 2947.051(A), which contains nearly identical language[1] to its juvenile counterpart, we note that several appellate courts have determined "'[a] trial court's error in failing to order a victim impact statement is not reversible, absent an affirmative demonstration of prejudice to the appellant.'" *State v. Eager*, 3d Dist. Henry No. 7-15-02, 2015-Ohio-3525, ¶ 18, quoting *State v. Sealey*, 11th Dist. Lake No. 2002-L-100, 2003-Ohio-6697, ¶ 59, citing *State v.*

---

[1] R.C. 2947.051(A) states: "In all criminal cases in which a person is convicted of or pleads guilty to a felony, if the offender, in committing the offense, caused, attempted to cause, threatened to cause, or created a risk of physical harm to the victim of the offense, the court, prior to sentencing the offender, *shall order the preparation of a victim impact statement* by the department of probation of the county in which the victim of the offense resides, by the court's own regular probation officer, or by a victim assistance program that is operated by the state, any county or municipal corporation, or any other governmental entity. The court, in accordance with sections 2929.13 and 2929.19 of the Revised Code, *shall consider the victim impact statement* in determining the sentence to be imposed upon the offender." (Emphasis added.).

*Patterson*, 110 Ohio App.3d 264, 269 (10th Dist.1996), citing *State v. Penix*, 4th Dist. Scioto No. 90CA1887, 1991 WL 224180, *5 (Oct. 23, 1991). *See also State v. Leonard*, 8th Dist. Cuyahoga No. 88299, 2007-Ohio-3745, ¶ 26. Some courts have further determined that, despite the language of R.C. 2947.051(A), trial courts need not request a victim impact statement "where the record contains sufficient evidence from which to ascertain the effect of the crime upon the victim." *State v. Hendking*, 8th Dist. Cuyahoga Nos. 75179 and 75180, 2000 WL 126733, *7 (Feb. 3, 2000). *See also State v. Garrison*, 123 Ohio App.3d 11, 17 (2d Dist.1997) (stating that the preparation of a victim impact statement will add little to the proceedings, other than expense and delay, when the trial judge has already heard all of the testimony and possesses the necessary information).

{¶9} Nevertheless, in the case sub judice, A.M. had the opportunity to object to the absence of a victim impact statement at the dispositional hearing, but failed to do so.[2] *See Johnson*, 1985 WL 4654, at *4. Because A.M. did not object to the court's failure to order and consider a victim impact statement, he has forfeited all but plain error on appeal. *See Eager* at ¶ 19; *State v. Shaffner*, 12th Dist. Madison No. CA2002-07-012, 2003-Ohio-3872, ¶ 7. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "The plain error standard applied in criminal proceedings also applies when errors that are not preserved arise in juvenile delinquency proceedings." *In re P.C.*, 9th Dist. Medina No. 18CA0019-M, 2019-Ohio-2603, ¶ 7, citing *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 49. A.M. has not argued plain error on appeal, however, and "[t]his Court has

---

[2] Although A.M. presumably did not object because "[v]ictim impact statements generally work to the prosecution's benefit and the criminal defendant's detriment[,]" *State v. Shaffner*, 12th Dist. Madison No. CA2002-07-012, 2003-Ohio-3872, ¶ 8, such a presumption does not relieve A.M. of his duty to object, thus allowing the trial court to address this issue in the first instance. *See Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075-M, 2006-Ohio-3118, ¶ 18 ("Issues that were not raised to the trial court may not be considered for the first time on appeal.").

repeatedly noted that it will not sua sponte fashion an unraised plain error argument and then address it." *State v. Thomas*, 9th Dist. Summit No. 27580, 2015-Ohio-5247, ¶ 9.

{¶10} A.M.'s first assignment of error is overruled.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT, [A.M.], WHEN IT ENTERED A DISPOSITION COMMITTING [A.M.] TO THE LEGAL CUSTODY OF THE DEPARTMENT OF YOUTH SERVICES FOR A MINIMUM PERIOD OF ONE YEAR AND A MAXIMUM PERIOD NOT TO EXCEED [A.M.]'S ATTAINMENT OF THE AGE OF TWENTY-ONE YEARS, BY FAILING TO CONSIDER ALL FACTORS OF [R.C.] 2152.19 IN THAT [A.M.] WAS SUBSTANTIALLY SUCCESSFUL IN HIS COMMUNITY INTERVENTION PROGRAMMING.

{¶11} In his second assignment of error, A.M. argues that the trial court erred and abused its discretion in its disposition by failing to consider all factors under R.C. 2152.19, as he was substantially successful in his Community Intervention Programming ("CIP"). We disagree.

{¶12} We first note that, under this assignment of error, A.M. does not challenge the court's disposition with respect to counts two, three, or four, in which it ordered him to write letters of apology to the victims. We will, in turn, focus our analysis only on the disposition for count one: complicity to felonious assault.

{¶13} "Ohio has long recognized that juvenile proceedings are not criminal in nature and the juvenile system must focus on the child's welfare." *State v. Penrod*, 62 Ohio App.3d 720, 722 (9th Dist.1989). The overriding purposes for juvenile dispositions are to provide care, protection, and mental and physical development of children, protect the public interest and safety, hold the offender accountable for his actions, restore the victim, and rehabilitate the offender through a system of graduated sanctions and services. R.C. 2152.01(A). Juvenile dispositions must be reasonably calculated to achieve these overriding purposes, commensurate with and not demeaning the seriousness of the delinquent child's conduct and its impact on the victim, and

consistent with dispositions for similar acts committed by similar delinquent children, but may not be based on race, ethnic background, gender, or religion.  R.C. 2152.01(B).

{¶14}  A juvenile court has broad discretion in crafting an appropriate disposition for a child adjudicated delinquent.  *In re K.P.*, 9th Dist. Lorain No. 12CA010183, 2012-Ohio-5814, ¶ 6; *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, ¶ 6.  Thus, "[a] juvenile court's order of disposition will not be reversed absent an abuse of discretion."  *In re H.V.*, 9th Dist. Lorain Nos. 11CA010139 and 11CA010140, 2012-Ohio-3742, ¶ 11.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court.  *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶15}  We find A.M.'s argument under this assignment of error to be without merit.  He first claims that the State "never filed a written request pursuant to [R.C.] 2152.13(A)(4) * * *."  His reliance on that statute is inapposite, however, as it only applies in serious youthful offender cases and merely permits the prosecutor to file a written notice of intent to seek a serious youthful offender dispositional sentence in such cases.  Furthermore, A.M.'s captioned assignment of error vaguely refers to "factors" under R.C. 2152.19 which he alleges were not considered by the juvenile court in reaching its disposition.  R.C. 2152.19 provides juvenile courts with options for additional disposition orders, and A.M. fails to identify what specific "factors" he believes the court failed to consider under that statute.  He instead simply directs us to the dispositional hearing transcript and argues that he completed the Boys' Council program, stayed in CIP until the underlying charges were filed, complied with detention center rules, and was testing clean and going to school; yet, he concedes that he also stopped attending Lorain County Alcohol & Drug

Abuse Services ("LCADA") and tested positive for drugs. He contends that "[n]o additional services were provided to [him,]" and ultimately argues that the court abused its discretion by not following the probation officer's recommendation of 90 days in the detention home with credit for 70 days served.

{¶16} Our review of the dispositional hearing transcript reflects that A.M.'s probation officer indicated to the court that A.M. was doing well in CIP "initially," he completed his Boys' Council programming, was attending an Intensive Outpatient Program ("IOP") with LCADA, and was attending school daily. His behavior started to "instant[ly] decline," however, after he accumulated these new charges, as he stopped attending his court-ordered programming and failed a drug screen, leading to his remand to the detention home. While the probation officer informed the court that CIP would nonetheless recommend placement in the detention home for 90 days with 70 days credit for time served, the prosecutor stated that she was not in agreement with that recommendation.

{¶17} The prosecutor explained that A.M. was initially before the court for another case involving a high-level felony, i.e., burglary. He was placed on CIP because it is the highest level of community probation available. Although ordered to have no contact with his co-defendant ("F.R."), A.M. committed a new offense with F.R., which led to the death of one of the victims in this case. The prosecutor believed A.M. did not intend to cause the death of the victim, but felt that A.M. nonetheless "ran the show." A.M. was purportedly in a dispute with one of the victims, so he gathered some friends and went to the young man's house to fight him. After A.M. first engaged the young man in a physical altercation, others soon joined in the fight. The young man's mother's boyfriend soon emerged from the home to help, but was tragically killed in the fight. According to the prosecutor, while A.M. did not deliver the blow that killed the decedent, he

"pushed the ball * * * to start rolling downhill." Even though a death was involved in this case, the prosecutor still did not file to transfer the case because A.M. was actively participating in CIP at the time. But, once these new charges were filed, A.M. started "going downhill," "took no interest in participating in services," and began "refusing services." The prosecutor recommended that A.M. be sent to the DYS for one year in this case.

{¶18} The juvenile court expressed "serious, serious concerns" with A.M. at the hearing, noting that while on probation for burglary he chose to continue engaging in criminal activity, e.g., starting a physical fight which led to a man's death. The court determined that a "serious consequence" was required, despite the probation officer's "praise for some of the positive things" A.M. had accomplished. The court expressed further concern with A.M. getting "high" and testing positive even after the underlying incident occurred, in which a man lost his life. The court determined that all reasonable efforts had been made to keep A.M. in the community, including CIP, Boys' Council, IOP through LCADA, status probation, electronic monitoring, random toxicology, urinalysis, remands to the detention home, and essays on correct behavior, yet all these efforts were unsuccessful.

{¶19} Despite A.M.'s belief to the contrary, sentencing courts are not bound to follow the recommendations of probation officers. *See, e.g., State v. Conte*, 9th Dist. Summit No. 29335, 2019-Ohio-4333, ¶ 14. For complicity to felonious assault, which would be a felony of the second degree if committed by an adult, the juvenile court committed A.M. to the legal custody of the DYS for secure confinement for an indefinite term consisting of a minimum period of one year and a maximum period not to exceed his 21st birthday, in accordance with R.C. 2152.16(A)(1)(d). A.M. does not argue that this disposition did not comport with the overriding purposes for juvenile dispositions under R.C. 2152.01(A); nor does he argue it was (1) not reasonably calculated to

achieve those overriding purposes, (2) not commensurate with and not demeaning the seriousness of the delinquent child's conduct and its impact on the victim, (3) not consistent with dispositions for similar acts committed by similar delinquent children, or (4) based on race, ethnic background, gender, or religion. *See* R.C. 2152.01(B). Upon review of the record, we cannot say that the juvenile court erred or failed to comply with R.C. 2152.01 in crafting its disposition.

{¶20} Accordingly, A.M.'s second assignment of error is overruled.

### ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, [A.M.], BY FAILING TO RULE ON [A.M.]'S ORAL MOTION FOR STAY PENDING APPEAL, WHEN TRIAL COUNSEL SPECIFICALLY REQUESTED A RULING AT DISPOSITIONAL HEARING.

{¶21} In his third assignment of error, A.M. argues that the juvenile court erred in failing to rule on his motion for a stay of execution. We disagree.

{¶22} At the dispositional hearing, defense counsel orally moved the juvenile court for a stay of execution, and the court denied the motion. On appeal, A.M. relies on Juv.R. 34(C) to broadly claim that the trial court did not "enter an appropriate judgment within seven days[,]" and he was therefore "prejudiced in that he is prevented from arguing on appeal that the trial court erred." He offers no further argument or authority in support of this claim. *See* App.R. 16(A)(7).

{¶23} Pursuant to Juv.R. 34(C), "[a]fter the conclusion of the [dispositional] hearing, the court shall enter an appropriate judgment within seven days." A.M's dispositional hearing was held on October 10, 2018. The court filed its judgment entry on the following day, in accordance with Juv.R. 34(C). Although the court's judgment entry did not also incorporate its denial of A.M.'s oral motion for a stay of execution, A.M. directs us to no authority requiring it to do so. *See* App.R. 16(A)(7). He has also failed to demonstrate any resulting prejudice. To the extent that A.M. believes the court failed to expressly rule on his oral motion, we note that motions a trial

court fails to rule on are presumed overruled. *See State v. Myers*, 9th Dist. Wayne No. 08CA0041, 2009-Ohio-2082, ¶ 8; *Georgeoff v. O'Brien*, 105 Ohio App.3d 373, 378 (9th Dist.1995).

**{¶24}** A.M.'s third assignment of error is overruled.

**ASSIGNMENT OF ERROR FOUR**

APPELLANT, [A.M.], WAS PREJUDICED BY TRIAL COUNSEL'S FAILURE TO REQUEST A CONTINUANCE OF THE DISPOSITION SO THAT THE TRIAL COURT CAN COMPLY WITH [R.C.] 2151.19(D), [R.C.] 2151.16, JUV.R. 40, AND JUV.R. 34.

**{¶25}** In his fourth assignment of error, A.M. argues that his counsel was ineffective for failing to request a continuance of the dispositional hearing. We disagree.

**{¶26}** "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Moreover, debatable trial tactics will not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49 (1980). To prove ineffective assistance of counsel, one must establish that: (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland* at 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. Prejudice can be shown by proving "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id.* at paragraph three of the syllabus. "[T]he Court need not address both *Strickland* prongs if an appellant fails to prove either one." *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

**{¶27}** Pursuant to Juv.R. 23, "[c]ontinuances shall be granted only when imperative to secure fair treatment for the parties." A.M. argues that the juvenile court was "clearly confused"

at the dispositional hearing for three reasons: the court failed to (1) properly enter judgment as to all counts; (2) order a victim impact statement; and (3) enter a complete judgment as to all issues addressed at the hearing. A.M. contends that these failures by the court resulted in prejudice as he "continues to be confined to the [DYS], despite evidence of amenability to rehabilitation." He therefore broadly asserts that it was "appropriate" under these circumstances for counsel to request a continuance of the dispositional hearing and the "[f]ailure to make such a motion is ineffective."

{¶28} We find no merit in A.M.'s ineffective assistance claim. Even assuming arguendo that requesting a continuance would have been "appropriate" as A.M. suggests, he has not shown how counsel's decision not to request one constituted deficient performance. *See Bradley*, at paragraph two of the syllabus. *See also State v. Wynn*, 2d Dist. No. 25097, 2014-Ohio-420, ¶ 90 (stating the decision whether to request a continuance is debatable, involving a strategic choice that falls within the realm of trial strategy and tactics that will not ordinarily be disturbed on appeal). Moreover, even if A.M. had shown counsel's performance to be deficient, he has not demonstrated how, had counsel requested a continuance, the result in this matter would have been any different. *See Bradley* at paragraph three of the syllabus. The decision to grant or deny a continuance is a matter entrusted to the broad, sound discretion of the trial court judge, *see State v. Unger*, 67 Ohio St.2d 65, 67 (1981), and A.M. has not shown, or even argued, that any request for a continuance would have been granted or that the outcome would have been different. Because he has failed to demonstrate any deficient performance by counsel or any resulting prejudice, A.M's ineffective assistance claim must fail.

{¶29} A.M.'s fourth assignment of error is overruled.

III.

**{¶30}** A.M.'s assignments of error are all overruled.  The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

LORIE K. BROBST, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and JENNIFER GOODALL, Assistant Prosecuting Attorney, for Appellee.