[Cite as *State v. Conte*, 2019-Ohio-4333.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                            )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                            C.A. No.      29335

     Appellee

     v.                                   APPEAL FROM JUDGMENT
                                         ENTERED IN THE
RONALD D. CONTE                 COURT OF COMMON PLEAS
                                         COUNTY OF SUMMIT, OHIO
     Appellant                         CASE No.      CR-2014-07-1903

DECISION AND JOURNAL ENTRY

Dated: October 23, 2019

HENSAL, Judge.

{¶1} Ronald Conte appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This appeal follows this Court's prior remand of this case to the trial court. We explained the factual background in our prior decision as follows:

> Mr. Conte was convicted of multiple felonies resulting from the theft [of] $558,100.02 from various clients of his accounting business. He was sentenced to 59 months in prison, but was granted judicial release and placed on community control after serving 21 months of his sentence. One of the conditions of his community control was the payment of restitution to the victims in an amount of $2,500.00 per month. Upon Mr. Conte's motion, the trial court judge reduced the amount to $1,500.00 per month. Mr. Conte made partial restitution payments each month, but he did not fully comply with his monthly restitution obligations and was consequently served with two separate community control violations. Following a community control violation hearing, the trial court found Mr. Conte guilty of violating the terms and conditions of his community control, revoked his community control, and reimposed his suspended prison sentence.

*State v. Conte*, 9th Dist. Summit No. 28868, 2018-Ohio-4688, ¶ 2.

**{¶3}** Mr. Conte appealed the trial court's decision, raising two assignments of error. *Id.* at ¶ 3. "In his assignments of error, Mr. Conte argue[d] that the trial court erred in revoking his community control and in reimposing his suspended prison sentence because he was making partial restitution payments and there was no evidence that he willfully failed to pay the full amount each month." *Id.* at ¶ 5. This Court reviewed the relevant law with respect to community-control violations, including the United States Supreme Court's decision in *Bearden v. Georgia*, 461 U.S. 660 (1983). Under *Bearden*, when a community-control violation stems solely from the failure to pay restitution:

> a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.* at 672-673. Relying on *Bearden*, this Court determined that:

> [b]efore reimposing Mr. Conte's suspended prison sentence, the trial court was required to not only inquire into the reasons for his failure to make full restitution payments, but also find that he had "'willfully refused to pay or [had] failed to make sufficient bona fide efforts legally to acquire the resources to pay'" restitution. * * * However, the court made no such findings explicitly on the record and, instead, apparently rejected the *Bearden* standard by stating: "[A]nd by the way it's not willingness or willfulness not to pay, it's ability to pay."

*Conte* at ¶ 12. This Court then determined that, "because the record does not reflect that the trial court made the requisite finding of willfulness pursuant to *Bearden*, and in light of the trial court's incorrect assertion that 'it's not willingness or willfulness not to pay, it's ability to pay[,]'

we are constrained to remand this matter back to the trial court so that it may hold a new evidentiary hearing in accordance with *Bearden*." *Id.* at ¶ 15. This Court instructed that, "[a]t that hearing, the court may order Mr. Conte to serve the remainder of his prison term only if it determines that he failed to pay restitution and either (1) he did so willfully or intentionally by not making a bona fide effort, or (2) despite his bona fide efforts, an alternative means of punishment would not be adequate to meet the State's interests in punishment and deterrence." *Id.*

{¶4} The trial court held a new evidentiary hearing on remand wherein the State submitted the same exhibits introduced at the prior hearing, as well as a transcript of the prior hearing. Mr. Conte presented several new exhibits, including his W-2 for 2017 and an affidavit from his wife. The trial court then took the matter under advisement.

{¶5} The trial court issued a written decision wherein it addressed this Court's remand instructions, analyzed *Bearden*, and determined that "Mr. Conte willfully refused to make sufficient bona fide efforts to meet his restitution obligation, by using his funds for nonessential expenditures and/or by failing to make sufficient bona fide efforts to find employment or use other streams of income available to him." It then revoked Mr. Conte's community control and re-imposed his prison sentence. He now appeals, raising two assignments of error for this Court's review, which we have combined to facilitate our analysis.

II.

ASSIGNMENT OF ERROR I

IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO AGAIN REVOKE APPELLANT'S COMMUNITY CONTROL SOLELY FOR UNDER-PAYING THE RESTITUTION AMOUNT WHEN HIS FINANCIAL CIRCUMSTANCES CLEARLY DEMONSTRATED THE UNDERPAYMENT WAS NOT WILLFUL.

ASSIGNMENT OF ERROR II

APPELLANT'S RIGHTS UNDER THE CONSTITUTIONS OF THE UNITED STATES AND STATE OF OHIO WERE VIOLATED WHEN WITHOUT JUSTIFICATION HIS SUSPENDED PRISON SENTENCE WAS REIMPOSED BY THE TRIAL COURT AFTER REVOCATION OF HIS COMMUNITY CONTROL.

{¶6} In his first assignment of error, Mr. Conte argues that the trial court erred by revoking his community control solely based upon his failure to make full payments toward his restitution obligation when his financial circumstances indicated that his failure was not willful. Relatedly, in his second assignment of error, Mr. Conte argues that the trial court violated his constitutional rights by doing so.

{¶7} We review a trial court's decision to reimpose an offender's suspended sentence following a community-control violation for an abuse of discretion. *State v. Harrah*, 9th Dist. Summit No. 25449, 2011-Ohio-4065, ¶ 14. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying an abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *See Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} As previously noted, if a community-control violation stems from the offender's failure to pay restitution:

> a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke [community control] and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are

not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay.

*Bearden*, 461 U.S. 660, at 672.

{¶9}  Here, the trial court determined that "Mr. Conte willfully refused to make sufficient bona fide efforts to meet his restitution obligation, by using his funds for nonessential expenditures and/or by failing to make sufficient bona fide efforts to find employment or use other streams of income available to him."  It made clear that it was "not stating that it believe[d] Mr. Conte necessarily had the ability to pay the entire restitution amount each month for the period in question, but that he failed to make a sincere and diligent attempt to meet the terms of his restitution obligation."

{¶10}  In reaching this conclusion, the trial court pointed to the fact that Mr. Conte presented no evidence to support his assertion that he was actively looking for employment, that he consistently paid more than the minimum payment required on his credit card bill, and that he made several non-essential purchases, including purchases from Netflix, Facebook, and various restaurants.  The trial court further noted that Mr. Conte and his wife sold a property in South Carolina purportedly to satisfy tax liens, yet Mr. Conte did not disclose when the property was sold, the sale price or net sale proceeds, or the nature and amount of the tax liens against it.  It also indicated that Mr. Conte previously listed a monthly social-security income of $1,377 and rental income of $2,500-$3,000, but that those amounts were now attributed solely to his wife. Additionally, the trial court questioned Mr. Conte's own accounting of his monthly income and expenses, suggesting that some of his expenses appeared attributable to his wife.  It concluded that "Mr. Conte has, depending on whether he believes it will assist in promoting his current position, claimed various streams of income should or should not be attributed to him and inflated his monthly expenses in various ways."

{¶11} On appeal, Mr. Conte argues that the trial court misconstrued financial information and improperly included his wife's assets as part of the income available to him to make restitution payments. He also argues that the trial court did not consider alternative methods of punishment before reimposing his prison sentence, and that the trial court ignored the testimony of the probation officers who recommended continued community control and testified that they had no evidence to indicate that Mr. Conte's failure to meet his restitution obligation was willful. As explained below, these arguments lack merit.

{¶12} Regarding his argument that the trial court misconstrued financial information and improperly included his wife's assets as part of the income available to him to make restitution payments, those arguments primarily relate to his ability to pay his restitution obligation. Yet the trial court specifically indicated that it was "not stating that it believes Mr. Conte necessarily had the ability to pay the entire restitution amount each month for the period in question[.]" Instead, it concluded that "he failed to make a sincere and diligent attempt to meet the terms of his restitution obligation." Mr. Conte's assignment of error, however, contains no meaningful argument as to how the trial court erred in that regard. Nor does his assignment of error address many of the trial court's other findings, such as the lack of evidence regarding the sale of the South Carolina home, or the fact that Mr. Conte seemed to attribute expenses to himself, or to his wife, depending on whether doing so was advantageous for him. Additionally, while he notes that the probation officers did not consider his unemployment to be troubling, he offers no explanation as to why the trial court erred by considering it. Instead, he asserts that the trial court had no evidentiary basis to determine that he was unemployed between August and October of 2017. Yet he testified at the October 2017 hearing that he "became unemployed in

August." Based on the foregoing, we find that Mr. Conte's challenge to the trial court's decision in this regard lacks merit.

{¶13} We now turn to Mr. Conte's argument that the trial court failed to consider alternative methods of punishment before reimposing his prison sentence. Given the trial court's holding, Mr. Conte's argument misapplies *Bearden*. Importantly, the trial court determined that "Mr. Conte willfully refused to make sufficient bona fide efforts to meet his restitution obligation * * *." Under *Bearden*, a trial court "must consider alternate measures of punishment other than imprisonment" when "the probationer could not pay *despite* sufficient bona fide efforts to acquire the resources to do so[.]" (Emphasis added.) *Bearden*, 461 U.S. 660, at 672. Nothing in *Bearden* requires such an analysis when, like here, a court determines that the probationer has failed to make sufficient bona fide efforts to meet his or her restitution obligation. Mr. Conte's argument, therefore, lacks merit.

{¶14} Regarding his argument that the trial court ignored the testimony of the probation officers (who recommended continued community control and testified that they had no evidence to indicate that Mr. Conte's failure to meet his restitution obligation was willful), Mr. Conte acknowledges in his merit brief that a trial court is not bound by a probation officer's recommendation. Having reviewed the record, including the trial court's findings outlined above, we find no error in this regard.

{¶15} In light of the foregoing, Mr. Conte's first assignment of error is overruled. Because his second assignment of error raises a constitutional challenge premised upon the trial court's alleged error raised in his first assignment of error, we likewise overrule Mr. Conte's second assignment of error.

III.

{¶16} Mr. Conte's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.